STATE OF CONNECTICUT *v.* SEYMOUR LEVINE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1357

Argued May 18—decided September 23, 1983

*Dominick J. Thomas, Jr.*, with whom, on the brief, was *Sheila M. Press,* for the appellant (defendant).

*Richard D. Arconti,* assistant state's attorney, for the appellee (state).

F. HENNESSY, J. The defendant, found guilty of assault in the second degree and three counts of threatening, has appealed to this court. The jury reasonably could have found the following facts: The complainant, Alfred Duchaine, and the defendant were neighbors. On July 24, 1981, the defendant's daughter was walking the family dog in front of Duchaine's house. The dog stopped to defecate on the Duchaine lawn. Duchaine scooped up the excrement with a shovel and deposited it on the defendant's lawn. A heated argument followed. The defendant was watering his garden with a hose at the time. On the end of the hose, there was a detachable metal nozzle. When Duchaine turned to walk back to his yard, the defendant swung the hose in a whip-like fashion and struck Duchaine in the back of the head with the metal nozzle. The force of the impact caused Duchaine to stagger and he received a lump on his head.

At this time, two other neighbors came toward the defendant and Duchaine to investigate the disturbance. The defendant pulled a revolver out of his pants pocket and stuck it in Duchaine's face. He also stated to the two approaching neighbors, "I have enough here for all of you." Duchaine walked back to his house and

called the police who arrested the defendant. After a jury trial, the defendant was convicted on all counts and this appeal followed.

The defendant claims that he was denied effective assistance of counsel; that the court erred in failing to grant his motion for a new trial because of incompetency of his trial counsel; that the court erred in failing to grant his motion for acquittal because the state did not prove beyond a reasonable doubt that he caused physical injury by means of a deadly weapon or dangerous instrument; that the court erred in denying him the opportunity to recall the victim to the stand during the trial; that the court erred by failing to instruct the jury to disregard certain testimony; and that the court erred in denying his motion for a continuance at the sentencing hearing.

The first two issues are based upon a claim by the defendant that he had ineffective assistance of counsel. "As a general rule, even when an appellate review may be had in either of two different courts, if a cause has been brought before one court, it cannot, while such proceeding is pending, also be brought before another court, unless the different proceedings relate to different issues." 4 C.J.S. 121, Appeal and Error § 27.

In the present case, the defendant has pending in the Supreme Court an appeal of the denial of his petition for a writ of habeas corpus (Docket No. 11590). The substance of that appeal is the same as the first two issues in the appeal before us, namely, that he was denied effective assistance of counsel. Our Supreme Court has consistently held that "a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal. *State* v. *Just,* [185 Conn. 339, 370–71, 441 A.2d 98 (1981)]; *State* v. *Barber,* [173 Conn. 153, 154–55, 376 A.2d 1108

(1977) ]. Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible." *State* v. *Chairamonte,* 189 Conn. 61, 64–65, 454 A.2d 272 (1983), quoting *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982); see also *State* v. *Scielzo,* 190 Conn. 191, 206, 460 A.2d 951 (1983).

Since the Supreme Court has expressed a preference for resolving ineffective assistance of counsel claims via petitions for a new trial or for a writ of habeas corpus, and since the defendant has, in fact, chosen to petition for a writ of habeas corpus, the first two issues are moot, and we do not decide them. See *Seimon* v. *Stoughton,* 184 Conn. 547, 558, 440 A.2d 210 (1981); *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944).

The next issue presented by the defendant is a claim that an essential element of General Statutes § 53a-60 (a) (2), assault in the second degree,[1] was not proved beyond a reasonable doubt. The gravamen of this claim is that there was insufficient testimony or evidence presented which would allow the jury to conclude that a garden hose nozzle, alleged to have been used by the defendant to strike the victim, was a deadly weapon or dangerous instrument. The defendant claims that since the hose nozzle was not put in evidence, the jury needed information as to the size and composition of the nozzle in order to justify its conclusion that it was a deadly weapon or dangerous instrument.[2] We disagree.

---

[1] General Statutes § 53a-60 (a) (2) provides: "A person is guilty of assault in the second degree when . . . with intent to cause physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument."

[2] General Statutes § 53a-3 (7) defines " '[d]angerous instrument' " as "any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury . . . ."

The court instructed the jury that it could not find the hose nozzle to be a deadly weapon; therefore, in order to find the defendant guilty, the jury would have to find that the hose nozzle was a dangerous instrument, i.e., an instrument which, under the circumstances in which it was used, was capable of causing death or serious physical injury.[3] There was evidence that the garden hose had a metal nozzle attached to it. No testimony was offered which contested the fact that the defendant was using a garden hose and nozzle, an implement with which an ordinary person is familiar. Under such circumstances the absence of the hose and nozzle was not fatal to the state's case. Witnesses testified that the hose and nozzle were used in a whip-like fashion by the defendant to strike his neighbor on the head. The neighbor, from the force of the striking, staggered and received a lump on his head.

The inquiry into whether the evidence would support a finding of guilty beyond a reasonable doubt does not require this court to ask itself whether it believes that the evidence established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State* v. *Scielzo,* 190 Conn. 191, 197, 460 A.2d 951 (1983). We conclude that the jury could find as it did.

The defendant further claims that the court erred in denying him the opportunity to recall the alleged victim to testify further in the case. The victim testified for the prosecution and was cross-examined without

---

[3] General Statutes § 53a-3 (4) defines " '[s]erious physical injury' " as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ."

General Statutes § 53a-3 (3) defines " '[p]hysical injury' " as "impairment of physical condition or pain."

restriction by counsel for the defendant. At the conclusion of the cross-examination defense counsel stated: "This concludes any questioning of the witness. Although, I would like to reserve the right to request him again before the trial is finished on redirect." The court responded: "No reservation. You have one chance and this is it." Defense counsel stated: "Then, I've concluded my questions." No objection was taken to the statement by the court.

The effect of the action of the court is somewhat clouded by the request of counsel to recall the prosecution's witness on "redirect." Redirect examination by defense counsel could only occur after the victim was called by the defendant as a witness in the presentation of his case. The colloquy between the court and defense counsel took place during the presentation of the prosecution's case. If the request was to call the victim as a defense witness as part of the defendant's case in chief, there was no need to request it for it is allowed as a matter of right. The record does not support the conclusion that the court denied the right of the defendant to call the victim as a witness during the presentation of his case. In any event, failure to object to the ruling and to take exception to an adverse ruling on the objection removes this claim from appellate review.[4] Practice Book § 288.

The defendant next claims that the state's attorney, in cross-examining the defendant, proceeded with a prejudicial line of questioning concerning the number of guns owned by the defendant and also whether he would have shot certain trespassers. There was no objection by the defendant to these questions nor were any exceptions taken as required by § 288 of the Practice Book. This court, therefore, cannot consider these

---

[4] Moreover, the facts do not lead us to conclude that there are "exceptional circumstances" which would require review under the holding in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

issues on appeal unless they present an exceptional circumstance as set forth in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). If the record adequately supports a claim that the defendant has clearly been deprived of a fundamental constitutional right and a fair trial because the prosecutorial questioning was so prejudicial, then justice would require that a new trial be held.

In this case the defendant admitted that he was carrying a pistol and actually displayed it during the events which were the subject of the trial. The fact that he owned other guns was irrelevant and the court indicated this by requiring the prosecution to end its questioning. The court also terminated the line of questioning which speculated whether the defendant would have shot the victims under circumstances not present in this case. The defendant claims that the court should have instructed the jury to disregard the questions and answers either immediately upon their being concluded or during his instructions to the jury prior to their deliberation. It is obvious from the record that the court concluded that the line of questioning by the state's attorney was not germane to the issue. The court ordered the cessation of questions. Unless the questioning had been such that the court was obligated to advise the jury to disregard specifically the testimony in order to preserve the right of the defendant to a fair trial, the court was not required to give such advice to the jury. The defendant chose not to make a written request to charge the jury concerning these two areas of testimony nor did he take an exception to the charge given to the jury by the court. The questions asked, viewed in the context of the evidence presented and the facts of the case, were not so prejudicial as to deprive the defendant of his right to a fair trial and due process of law.

The final claim of the defendant is that the court erred in denying his motion for a continuance at the sentencing hearing. The basis for this claim is that he was not provided with a copy of the presentence investigation report in a timely fashion in violation of § 915 of the Practice Book.[5]

The defendant received the presentence report the morning of the sentencing hearing approximately an hour and a half before the hearing. The report was available to him the day before, but counsel assumed he would be sent the report. Practice Book § 915 does not require that the presentence report be mailed to counsel, only that it be made available to him for his use in preparing for the sentencing hearing. The defendant claimed that statements in the report as to his termination from employment were prejudicial and that witnesses and testimony could be developed to dispel the conclusion contained in the report.

The defendant requested a continuance to prepare further for the sentencing hearing and specifically address certain matters contained in the presentence report. The court denied his request. The defendant was concerned about statements made in the report concerning termination from prior employment. He stated that they were incorrect. The court specifically stated, "but as to his termination, I put no stock in the statements made . . . ." Since the only stated purpose of the continuance was to rebut the statements made covering the defendant's termination from prior

---

[5] "[Practice Book] Sec. 915. —— ——COPIES OF REPORT

"The presentence investigation report shall be provided to the judicial authority, and copies thereof shall be provided to the prosecuting authority and to the defendant or his counsel in sufficient time for them to prepare adequately for the sentencing hearing, and in any event, no less than twenty-four hours prior to the date of the sentencing. Upon request of the defendant, the sentencing hearing shall be continued for a reasonable time if the judicial authority finds that the defendant or his counsel did not receive the presentence investigation report within such time."

employment, and the court specifically excluded those from its consideration, the court had no duty to grant a continuance. The presentence report was available to the defendant's counsel the day before the hearing and it was his responsibility to review it if he wished. The words in § 915, "if the judicial authority finds the defendant or his counsel did not receive the presentence investigation report within such time," do not give counsel permission to wait until the date of the hearing and then request a continuance based upon his own inaction. Under the circumstances presented, the court was not in error in refusing to continue the matter.

There is no error.

In this opinion DALY and BIELUCH, Js., concurred.