STATE OF CONNECTICUT *v.* RALPH VULEY
(6083)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued April 13—decision released August 23, 1988

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, was *Robert Devlin,* former assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3)[1]

---

[1] General Statutes § 53a-134 (a) provides in pertinent part: "A person is guilty of robbery in the first degree when, in the course of the commis-

and assault in the second degree in violation of General Statutes § 53a-60 (a) (2). The defendant's sole claim of error is that the evidence was insufficient to support his conviction of robbery in the first degree because the blunt object used in the course of the commission of the robbery did not constitute a dangerous instrument.[2] We find no error.

The jury could reasonably have found the following facts. On June 21, 1986, at approximately 6:30 p.m., the defendant and an unidentified associate entered the Power Test gasoline station located on Kimberly Avenue in New Haven. The defendant approached the station attendant, Hector Colon, and asked to purchase a pack of cigarettes. As Colon headed to the storage room, his back was to the two males. Upon reaching the cigarette rack in the storage room, he was struck on the head several times by a "solid piece" or "pipe" and knocked to the floor. Colon could not see for several moments and when he rose from the floor, he discovered that he was locked in the storage room. From inside the storage room, Colon heard voices emanating from the office and he heard the noise of someone prying open the cash drawer. A customer arrived on the premises and summoned the police at the victim's request.

Upon their arrival, the police broke open the storage room and released Colon. He was bleeding over his left eye and his face was covered with blood. Colon was ultimately taken to St. Raphael's hospital where seven stitches were used to close his head laceration. A hospital physician noted that Colon had been hit with

sion of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument."

[2] The defendant's second claim of error, relating to the court's instructions as to the elements of the crime of robbery in the first degree and the state's burden of proof was withdrawn at the time of presentation of argument.

a "pipe" and diagnosed him as suffering from scalp lacerations and a hematoma. Approximately $250 in cash and five quarts of oil were taken from the station. Colon subsequently identified the defendant from a police photographic array and again at trial. From his conviction, the defendant appealed.

The sole issue on appeal is whether the state presented sufficient evidence to allow the jury to conclude that the blunt object used by the defendant constituted a dangerous instrument for purposes of proving robbery in the first degree. Although the defendant failed to preserve this claim for appeal, our Supreme Court has recently afforded review of similar claims under the bypass doctrine of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), because the absence of sufficient evidence underlying the verdict would result in a due process violation implicating the fairness of the trial. *State* v. *Pollitt,* 205 Conn. 132, 150, 531 A.2d 125 (1987).

General Statutes § 53a-3 (7) defines a dangerous instrument as "any instrument, article or substance which, *under the circumstances* in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury. . . . " (Emphasis added.) "The question is whether the instrument possessed the potential for causing either death or serious physical injury under the circumstances in which it was used." *State* v. *Frazier,* 7 Conn. App. 27, 39, 507 A.2d 509 (1986). There is sufficient evidence in the record to allow the jury to conclude that the blunt object in this case constituted a dangerous instrument for purposes of proof of first degree robbery. Construing the evidence in the light most favorable to sustaining the verdict; *State* v. *D'Ambrosio,* 14 Conn. App. 309, 321, 541 A.2d 880 (1988); the jury could reasonably have found that the defendant struck Colon on the head several times with an instrument later described as feel-

ing like a "solid piece" and a "pipe" and that, as a result of the severe blows, Colon lost his sight for several moments and suffered a hematoma and a lacerated scalp which required seven stitches.

The jury's conclusion that the "solid piece" or "pipe" was a dangerous instrument is supported by findings in prior cases that the following instruments, under the circumstances of their use, exhibited a similar potential for causing serious physical injury: a key, which lacerated a neck and face; *State* v. *Frazier,* supra, 39–40; a portion of a hockey stick, which fractured a skull; *State* v. *Killenger,* 193 Conn. 48, 54, 475 A.2d 276 (1984); a garden hose with a metal nozzle which struck a head; *State* v. *Levine,* 39 Conn. Sup. 494, 497–98, 466 A.2d 814 (1983); a stick, which struck two victims on their heads and arms. *State* v. *Ortiz,* 14 Conn. App. 493, 504, 542 A.2d 734 (1988).

There is no error.

In this opinion the other judges concurred.