STATE OF CONNECTICUT *v.* JEROME BARBER

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued April 7—decision released May 31, 1977

*F. Mac Buckley,* with whom, on the brief, was *Hubert J. Santos,* for the appellant (defendant).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

LOISELLE, J. The defendant, Jerome Barber, was charged with rape by forcible compulsion, in violation of General Statutes § 53a-72a (a) (1). He was tried to a jury and found guilty. He has appealed from the judgment rendered on the verdict, alleging that he was denied adequate assistance of counsel. There is no claim of error on the part of the court in its charge or in its conduct of the trial.

The present case illustrates the difficulty of determining adequacy of counsel on a direct appeal from a judgment on a jury verdict rather than on a motion for a new trial or a petition for a writ of habeas corpus. When a defendant is represented at a trial by an attorney whose representation is attacked as deficient, the facts which prove or disprove a denial of adequate assistance of counsel

may be more fully developed at an evidentiary hearing than on a direct appeal. The defendant, his attorney, and the prosecutor have an opportunity to testify at such a hearing as to matters which do not appear of record at the trial, such as whether there was voluntary disclosure by the state's attorney to defense counsel which made motions for disclosure unnecessary, whether, for tactical reasons, objection was not made to certain adverse testimony, just how much information the defense attorney received from his client about statements made to others, and other such relevant matters. Trial defense counsel in this case, however, is now deceased and could not testify at an evidentiary hearing. This court has previously considered on appeal claims of denial of adequate assistance of counsel; *State* v. *Clark,* 170 Conn. 273, 365 A.2d 1167; *State* v. *Ralls,* 167 Conn. 408, 356 A.2d 147; *State* v. *Costello,* 160 Conn. 37, 273 A.2d 687; and under the situation of this appeal, the issue will be reviewed.

The sixth amendment of the federal constitution requires that "the accused shall enjoy the right . . . to have the assistance of counsel for his defence" in all criminal prosecutions. Article first, § 8, of our state constitution states that "[i]n all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel." The right to counsel means the right to the conscientious services of competent counsel. *Palmer* v. *Adams,* 162 Conn. 316, 320, 294 A.2d 297. Constitutionally adequate counsel is counsel whose performance is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. *State* v. *McClain,* 171 Conn. 293, 301, 370 A.2d 928; *State* v. *Clark,* supra; see

*McMann* v. *Richardson,* 397 U.S. 759, 771 & n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763; *Reece* v. *Georgia,* 350 U.S. 85, 90, 76 S. Ct. 167, 100 L. Ed. 77; *Gentry* v. *Warden,* 167 Conn. 639, 646, 356 A.2d 902.

The defendant was charged with forcibly raping a young woman, who admitted that she had previously had voluntary sexual relations with him. Two of her friends testified that she had told them of the rape, one on the evening it occurred and the other the next day. The head of the police rape investigation unit testified that she heard of the complaint and contacted the victim, who recounted to her the details. The police officer was then asked, "From the description as she gave it to you of the incident, as she related it, did the action there indicate that she had been compelled to have relations with Mr. Barber on that occasion?" The answer was "Yes." The defense objected, and the court sustained the objection and ordered the answer stricken.

The defendant claims that trial counsel should have requested that the court specifically instruct the jury, at that time, to disregard the stricken testimony, because "forcible compulsion" was the sole factual issue in the case and the jurors were aware of the officer's answer during the rest of the trial. The defendant admits that at the conclusion of evidence and argument the court gave "a very clear and concise general charge on the jurors' duty to disregard objectionable evidence." There is nothing in the record to indicate in any way that the jury disregarded the court's instruction. "It is essential to any orderly trial that the jury be presumed, in the absence of a fair indication to the contrary, to have followed the instructions of the court as to the

law." *State* v. *Bausman,* 162 Conn. 308, 314, 294 A.2d 312; *State* v. *Smith,* 156 Conn. 378, 383, 242 A.2d 763; *Schiller* v. *Orange Hall Corporation,* 144 Conn. 327, 330–31, 130 A.2d 798. Further, it is possible that, as a matter of trial tactics, trial counsel left this area alone after objection was sustained and the answer stricken, so as not to draw further attention to the police officer's conclusion.

The defendant claims that even if it may be argued that trial counsel made a tactical decision of the nature suggested, he should have moved for a mistrial after the police officer's answer was given. It can be assumed that trial counsel was familiar with the law regarding motions for mistrial. It is well established that a mistrial should be granted only as a result of some occurrence in the trial which makes it apparent to the court that a party cannot have a fair trial. *State* v. *Grayton,* 163 Conn. 104, 112, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *State* v. *Bausman,* supra, 312; *State* v. *Savage,* 161 Conn. 445, 449, 290 A.2d 221; *State* v. *Leopold,* 110 Conn. 55, 60, 147 A. 118. No evidence or conduct relating to the police officer's answer is given which would indicate to the court that even though the testimony had been stricken, the defendant could not have a fair trial because of it. It is highly unlikely that the court would have granted a mistrial. Under these circumstances the failure of counsel to seek a specific cautionary instruction or to move for a mistrial was not a denial of adequate assistance of counsel.

The police officer also testified that, after the defendant had been arrested on the rape charge and released, he came to see her. She warned him that "it might not be proper for him to talk to her about

the case" but he then proceeded to tell her that he was ashamed of what he had done, and that he had used force on the victim. This admission was undeniably strong evidence against the defendant.

The defendant points out that the court file does not show that his counsel filed any motions for discovery or to suppress his admissions, and claims that competent counsel would have filed such motions, or would at least have requested a preliminary examination of the police officer outside the presence of the jury in order to determine the admissibility of the defendant's statement to her. Because this case comes here by direct appeal, the record does not show whether the state's attorney had voluntarily disclosed this evidence to defense counsel without waiting for a motion to be made. But in view of the voluntary nature of the defendant's conduct in coming to the police officer, initiating the interview, and making the admission despite the officer's objection, it is clear that the evidence could not have been suppressed. *Oregon v. Mathiason*, 429 U.S. 492, 97 S. Ct. 711, 50 L. Ed. 2d 714. Some attorneys make a practice of "building a record" by making motions which are doomed to fail, or seeking disclosure which has already been made. Such a practice serves no useful purpose, is not to be encouraged and abstaining from doing so certainly does not indicate ineffective assistance of counsel.

The defendant relies, in part, on *Saltys* v. *Adams*, 465 F.2d 1023 (2d Cir.), in which crucial identification testimony was not objected to before or at trial, and the court found the testimony would probably have been suppressed had counsel objected. It held that there had been inadequate assistance

of counsel. The identification testimony was the only evidence connecting that defendant to the crime. In the present case, there is no showing that the evidence could have been suppressed, and there was additional evidence inculpating the defendant. The victim testified to the rape by the defendant, two other witnesses testified as to the victim's prior accusations of the defendant, and another witness testified to another admission by the defendant.

The final claim of denial of adequate assistance of counsel is based on trial counsel's failure to object to testimony by the superintendent of the apartment house where the defendant lived. He stated that the rental agent had told him that the defendant admitted the rape to her. The superintendent could properly have testified if the defendant had made the admission directly to him; admissions by a party defendant are admissible as proof of the matter stated. *Worden* v. *Francis,* 153 Conn. 578, 582, 219 A.2d 442. Some authorities view such admissions as admissible under an exception to the hearsay rule, and others as admissible because they are not hearsay. Compare McCormick, Evidence (2d Ed.) § 262, with rule 801 (d) (2) of the Federal Rules of Evidence. But the statement of the rental agent to the superintendent, because it was an out-of-court statement offered against the defendant in proof of the matter stated in it, was clearly hearsay. As such, it was inadmissible, absent some exception to the hearsay rule. *State* v. *Whiteside,* 148 Conn. 208, 217, 169 A.2d 260, cert. denied, 368 U.S. 830, 82 S. Ct. 52, 7 L. Ed. 2d 33. On proper objection, it should have been excluded. The failure of defense counsel to object to this testimony was an error on his part. No conceivable tactical objective could have been achieved by not objecting. Errorless

counsel, however, is not required. It cannot be said that the level of competence displayed by lawyers with ordinary training and skill in criminal law is so high that such lawyers will not make some errors during a trial.

Further, it does not appear that the exclusion of this testimony would have resulted in a different verdict, or that its admission over objection would require reversal on appeal. Compare *Chambers* v. *Maroney,* 399 U.S. 42, 53–54, 90 S. Ct. 1975, 26 L. Ed. 2d 419. The superintendent also testified to a conversation with the defendant, in which the defendant admitted to the superintendent that he had admitted the rape to the rental agent, explaining that he had done so because he was afraid of losing his apartment and because he wanted the agent to ask the victim to drop the charges. This testimony was admissible as an admission by the defendant. *Worden* v. *Francis,* supra. Although it followed the superintendent's other testimony, it was not dependent on that other testimony. A judgment need not be reversed merely because inadmissible evidence has been admitted, if permissible evidence to the same effect has also been placed before the jury. *State* v. *Jeustiniano,* 172 Conn. 275, 283, 374 A.2d 209.

The defendant argues that the admission of the inadmissible testimony of the superintendent was harmful because it forced him (as a practical rather than a constitutional matter) to take the stand and give an explanation. Considering that the jury had heard the testimony of the victim, her friends whom she had told of the rape, and the police officer to whom the defendant had admitted the rape, the suggestion that the defendant was not already suffi-

ciently motivated to take the stand is not credible. The failure of trial counsel to object to the double hearsay does not show a denial of adequate assistance of counsel.

After consideration of the defendant's claims, it seems clear that he was adequately represented at his trial by reasonably competent counsel, whose performance, although not perfect, was within the range of competence displayed by lawyers with ordinary training and skill in the criminal law.

There is no error.

In this opinion the other judges concurred.