## STATE OF CONNECTICUT *v.* DONALD J. CHAIRAMONTE (10002)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

Argued November 8, 1982—decision released January 18, 1983

*Max F. Brunswick,* for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* assistant state's attorney, for the appellee (state).

SPEZIALE, C. J. The defendant, Donald J. Chairamonte, was charged with three counts of attempted first degree assault[1] as a result of a series of incidents occurring on the night of May 22, 1978. He was tried to a jury and found guilty of all three counts. From the judgment of guilty, he has now appealed to this court claiming that his

---

[1] General Statutes §§ 53a-49 (a) (1) and 53a-59 (a) (1).

sixth amendment right to effective assistance of counsel was denied because (1) his privately retained attorney did not adequately prepare or present an insanity defense; and (2) the trial court forced him to go to trial represented by an attorney other than the one he had already retained, and that second attorney was totally unprepared to try the case. We find no error.

The jury could reasonably have found the following facts. At about 10:25 p.m. on May 22, 1978, Lisa DeMattie, who had occasionally dated the defendant, Donald Chairamonte, was walking on Beach Avenue in Milford when Chairamonte stopped his car nearby and asked to speak with her. DeMattie refused to talk to him and ran across the street. The defendant emerged from his auto with a shotgun and fired it in DeMattie's direction. DeMattie ran away, but the defendant caught her and began kissing her, at the same time cutting her back with a knife he was carrying. The defendant then got back into his car and drove away.

A short time later, Officer Hanlon of the Milford police attempted to stop the defendant's car after hearing a police broadcast concerning the assault on DeMattie and describing the car. A high speed chase in excess of eighty miles per hour ensued through Milford and into West Haven. When the defendant's vehicle was finally stopped he jumped out and fired a shotgun through the windshield of Hanlon's police cruiser. After a brief foot chase, the defendant was arrested.

I

The defendant first claims that the events described above "cr[y] out for a defense based on mental incompetency, insanity or diminished mental

capacity," and that trial counsel's failure to assert such a defense deprived the defendant of effective assistance of counsel as a matter of law.

It is well established that the sixth amendment right to counsel is a right to effective assistance of counsel, whether that counsel is privately retained or court-appointed. *State* v. *Mason,* 186 Conn. 574, 577, 442 A.2d 1335 (1982). The standard used to review claims of ineffective assistance of counsel is whether " 'defense counsel's perform-ance [was] reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law.' " *State* v. *Clark,* 170 Conn. 273, 283, 365 A.2d 1167, cert. denied, 425 U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976), quoting *Gentry* v. *Warden,* 167 Conn. 639, 646, 356 A.2d 902 (1975); see *State* v. *Mason,* supra, 577–78; *Palmer* v. *Adams,* 162 Conn. 316, 320–25, 294 A.2d 297 (1972). The defendant, however, has the burden " 'to show that his coun-sel's conduct fell below that standard and that the lack of competency contributed to the conviction.' " *State* v. *Clark,* supra.

In this case, the defendant's original counsel did obtain a psychiatric evaluation pursuant to General Statutes § 54-40[2] of the defendant's competence to

[2] At the time of these proceedings, General Statutes § 54-40 read in part: "COMPETENCY TO STAND TRIAL. (a) The officer in charge of any person committed for trial to a community correctional center, on mittimus, bench warrant or appeal, or anyone in behalf of the accused person, shall, if it appears to such officer or to anyone acting in behalf of such accused, at the time of such com-mitment or before or during the trial, that such accused is so insane or so mentally defective that he is unable to understand the pro-ceedings against him, or to assist in his own defense, immediately present such fact to the judge having jurisdiction of the offense with which such accused is charged, and such judge shall, on such presentation, or may, on his own motion, if he is of the opinion

stand trial. That examination indicated that the defendant could understand the proceedings against him and was able to assist in his defense. That counsel also filed a notice that the defendant "may rely upon the defense of mental disease or defect. . . ." This defense was not pursued at trial. The only indication in the record of the reasons for this decision is the defendant's statement to the psychiatrist that he did not want to use the insanity defense.

This case presents a situation in which the record on appeal is inadequate to allow this court to decide whether the defendant was denied effective assistance of counsel. We can imagine many situations in which the decision not to pursue the insanity defense would be entirely correct. Our role in a case like this, however, is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. Without a hearing in which the reasons for counsel's decision may be elicited, any decision of ours on this claim would be entirely speculative. "This court has emphasized in other cases that a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct

that the mental condition of the accused is probably so defective that he is unable to understand the proceedings against him or to assist in his own defense, hold a hearing to determine whether the accused is able to understand the proceedings against him and to assist in his own defense, notice of such hearing having been given to the state's attorney or assistant state's attorney of the court having jurisdiction of the offense and to counsel for the accused.

"(b) The judge may appoint one or more physicians specializing in psychiatry, who shall examine the accused as to his ability to understand the proceedings against him and to assist in his own defense . . . ."

Public Acts 1980, No. 80-313, § 32 transferred § 54-40 to ch. 960, § 54-56d in substantially the same form.

appeal. *State* v. *Just,* [185 Conn. 339, 370–71, 441 A.2d 98 (1981)]; *State* v. *Barber,* [173 Conn. 153, 154–55, 376 A.2d 1108 (1977)]. Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence which is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency. 'The defendant, his attorney, and the prosecutor have an opportunity to testify at such a hearing as to matters which do not appear of record at the trial, such as . . . whether, for tactical reasons, objection was not made to certain adverse testimony, just how much information the defense attorney received from his client about statements made to others, and other such relevant matters.' *State* v. *Barber,* supra, 155." *State* v. *Mason,* supra, 578–79. We therefore cannot find error, but our decision "does not preclude the defendant from pursuing this claim in the appropriate collateral action." *State* v. *Mason,* supra, 580.

## II

The defendant's second claim is that assistance of counsel was ineffective because he was forced by the trial court to go to trial represented by an attorney other than the one he had already retained, and that second attorney was totally unprepared for trial. The defendant's pretrial counsel was trying another case when the time for this trial arrived. Another attorney from the same firm filed a general appearance on Tuesday, September 11, 1979, to request a continuance, which was denied. On Wednesday, September 12, the court ordered that jury selection commence immediately, but

allowed counsel three afternoons and a weekend to prepare for the start of testimony. The court also stated that the defendant could choose to retain new counsel, but that the court would not continue proceedings beyond the following Monday, September 17. The defendant did not choose to retain another attorney, and proceeded to trial.

As in the first claim, review of this second claim would be possible only if we were willing to assume facts not before us. The record reveals nothing about the actual skill with which the second attorney presented the defense. Nor do we know enough about the case to determine whether the time allowed for preparation was sufficient. Without an evidentiary hearing on these issues, we cannot decide whether the assistance of counsel was ineffective. We therefore find no error in the court's decision to proceed with the trial. See *State* v. *Mason,* supra, 580.

There is no error.

In this opinion the other judges concurred.