## STATE OF CONNECTICUT v. KENNETH GREGORY (11353)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, Js.

Argued June 7—decision released August 16, 1983

*Timothy C. Moynahan,* with whom, on the brief, was *Denise Derby,* for the appellant (defendant).

*Paul E. Murray,* assistant state's attorney, with whom, on the brief, were *Francis M. McDonald,* state's attorney, and *Catherine J. Capuano,* special assistant state's attorney, for the appellee (state).

GRILLO, J. The defendant, Kenneth Gregory, was charged with assault in the first degree, in violation of General Statutes § 53a-59. He was tried before a jury, found guilty and sentenced on March 26, 1982, to a term of five years at the Somers Correctional Institution. During the trial, the defendant was represented by the public defender's office, which carried out the investigation and preparations for the defense. Six days after sentencing, the defendant retained private counsel to handle this appeal, which was timely filed on April 6, 1982. After reviewing the trial transcripts, counsel filed a motion for a new trial pursuant to Practice Book § 903, claiming, inter alia, ineffective assistance of counsel. This motion was denied on August 19, 1982.

The sole question presented to us on direct appeal[1] is whether the defendant was denied his constitutional right to effective assistance of counsel under the sixth and fourteenth amendments to the United States constitution and under article first, § 8 of the Connecticut constitution. The defendant alleges that trial counsel did not prepare and present a meaningful defense in that he failed to conduct an adequate pretrial investigation, to interview and procure essential witnesses, to interview or effectively cross-examine the state's witnesses and to object to the introduction of inadmissible evidence.

The right to counsel is the right to effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *State* v. *Mason,* 186 Conn. 574, 577, 442 A.2d 1335 (1982). This right is equally applicable whether defense counsel is privately retained, or, as in the present case, court-appointed. Id. " 'Defense counsel's performance must be reasonably competent or within the range of competence displayed by lawyers with ordinary training

---

[1] On September 8, 1982, while this appeal was pending, counsel for the defendant instituted a habeas corpus action in state court claiming illegal imprisonment in that he was denied his right to effective assistance of counsel as guaranteed by the United States constitution and the Connecticut constitution. The petition was dismissed on January 26, 1983, after a full evidentiary hearing. The court found that the defendant "failed to show that counsel's conduct failed to meet the required standard of competence, and that any lack of competence contributed to his conviction." On February 10, 1983, the court, *Kremski, J.,* denied the defendant's request pursuant to General Statutes § 52-470 (b) for certification to the Supreme Court from the denial of the application for a writ of habeas corpus.

General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court to certify that a question is involved in the decision which ought to be reviewed by the supreme court and the judge so certifies."

and skill in the criminal law. The defendant's burden is to show that his counsel's conduct fell below that standard and that the lack of competency contributed to the conviction.' " *State* v. *Scielzo,* 190 Conn. 191, 206, 460 A.2d 951 (1983); *State* v. *Chairamonte,* 189 Conn. 61, 63, 454 A.2d 272 (1983).

An examination of the record in the present case illustrates the limited scope of the review, on direct appeal, of the adequacy of trial counsel. The transcript of the proceedings in the trial court[2] allows us to examine the *actions* of defense counsel but not the underlying *reasons* for his actions. The defendant has built a pyramid of claimed omissions and commissions which crumbles to the ground. Some of the asserted trial and pretrial errors are completely devoid of a supportive foundation in the trial record herein; for example, the defendant alleges that counsel failed to visit the scene, to employ experts, to perform a pre-trial investigation and to obtain police reports.[3] The defendant also points to defense counsel's failure to cross-examine a particular witness at trial; he contends that a reasonably competent counsel would have chosen not to forego this cross-examination of one of the state's witnesses. Yet, we can imagine numerous situations in which the decision not to cross-examine would be entirely consonant with the actions of competent counsel. "Without a hearing

[2] We also have before us the memorandum of decision and the application for a writ of habeas corpus.

[3] Other asserted deficiencies of trial counsel fly in the face of the finding of the court in the habeas corpus petition. Although we are obliged to consider the merits of the defendant's claim on the basis of the proceedings in the trial court in this case and the record relating thereto, we note that several of the defendant's contentions relating to interviewing or calling crucial witnesses were already raised at the hearing in the application for a writ of habeas corpus and deemed baseless by that court. For example, the defendant points to the failure of defense counsel to interview a potentially valuable witness, Wanda Roscoe. However, both the defendant's and the state's efforts to locate her and several other witnesses failed.

in which the reasons for counsel's decision may be elicited, any decision of ours . . . would be entirely speculative." *State* v. *Chairamonte,* supra, 64. "This court has emphasized in other cases that a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal." (Footnote omitted.) *State* v. *Mason,* supra, 578–79; *State* v. *Barber,* 173 Conn. 153, 154–55, 376 A.2d 1108 (1977); see also *State* v. *Scielzo,* supra; *State* v. *Orsini,* 187 Conn. 264, 280, 445 A.2d 887, cert. denied, 459 U.S. 861, 103 S. Ct. 136, 74 L. Ed. 2d 116 (1982).

Our review of the alleged deficiences of trial counsel in this case reveals no glaring misconduct which might warrant a departure from our usual practice. Accordingly, we find that the inadequate record prevents us from finding error on this claim.[4]

There is no error.

In this opinion the other judges concurred.

---

[4] A direct appeal challenging inadequacy of counsel cannot be used as an indirect means to obtain review of a habeas petition. The court hearing the petition for habeas corpus could properly have dismissed it without prejudice since the defendant failed to "allege and prove that he did not deliberately bypass the orderly procedure of a direct appeal." *McClain* v. *Manson,* 183 Conn. 418, 424, 439 A.2d 430 (1981); see also *Cajigas* v. *Warden,* 179 Conn. 78, 80, 425 A.2d 571 (1979); *Blue* v. *Robinson,* 173 Conn. 360, 369, 377 A.2d 1108 (1977). The defendant was, however, afforded a full evidentiary hearing. After the court denied the habeas petition, the defendant, pursuant to General Statutes § 52-470, petitioned for review of the decision by this court; he elected to petition the judge before whom the case was tried rather than a judge of this court. The defendant's request for certification was subsequently denied.