### STATE OF CONNECTICUT *v.* EMISAEL TIRADO (12203)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued June 6—decision released July 31, 1984

*Edward N. Lerner,* with whom, on the brief, was *Amy J. Horowitz,* for the appellant (defendant).

*James E. Thomas,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (state).

SPEZIALE, C. J. The defendant, Emisael Tirado, was convicted by a jury of the crimes of robbery in the first degree, General Statutes § 53a-134 (a) (3), and assault in the first degree, General Statutes § 53a-59 (a) (1). He has appealed from the judgment claiming that: (1) he was denied effective assistance of counsel by defense counsel's failure to subpoena certain out-of-state alibi witnesses pursuant to General Statutes § 54-82i (c); and (2) the trial court erred in refusing to poll the jury after one juror stated he felt "uncomfortable" in deciding the case. We find no error.

The facts relating to these claims of error are not in dispute. On August 3, 1982, the date scheduled for trial, the trial court granted defense counsel's request for a one week continuance because certain claimed alibi witnesses from Rhode Island were not available. At that time, defense counsel stated that the defendant and his girlfriend had assured him that the witnesses would make themselves available.

On August 11, 1982, defense counsel reported to the trial court that he had been unable to gain any cooperation from the Rhode Island alibi witnesses although he had made an effort to secure their presence at trial. The defendant stated that the witnesses would not come because they would not be compensated for missing work. The trial then commenced.

After the court had charged the jury and while deliberations were in progress, one juror expressed discomfort in making a decision. The court examined the juror in the presence of both counsel after which the juror returned to the deliberations. The jury returned a verdict of guilty on both counts. The defendant's motion to have the jury polled was denied by the court and an exception was taken.

## I

The defendant's first claim is that he was denied effective assistance of counsel because of defense counsel's failure to use the statutory procedure for compelling the appearance of out-of-state witnesses.[1] During the trial, the defendant testified that he was in Rhode Island on the day the assault and robbery took place. He argues that because the testimony of certain alibi witnesses was crucial to his defense, trial counsel's failure to compel their presence is evidence of a lack of knowledge of the law and thus amounts to ineffective assistance.

"It is well established that the sixth amendment right to counsel is a right to effective assistance of counsel, whether that counsel is privately retained or court-appointed. *State* v. *Mason,* 186 Conn. 574, 577, 442 A.2d 1335 (1982). The standard used to review claims of ineffective assistance of counsel is whether ' "defense counsel's performance [was] reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." ' *State* v. *Clark,* 170 Conn. 273, 283, 365 A.2d 1167, cert. denied, 425 U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976), quoting *Gentry* v. *Warden,* 167 Conn. 639, 646,

[1] General Statutes § 54-82i (c) and its requisite counterpart; Rhode Island General Law § 12-16-3; permit the issuance of an order to compel a witness from Rhode Island to appear and testify in a criminal proceeding in Connecticut if that witness is material and necessary. See *State* v. *Maldonado,* 193 Conn. 350, 360–61, 478 A.2d 581 (1984).

356 A.2d 902 (1975); see *State* v. *Mason,* supra, 577–78; *Palmer* v. *Adams,* 162 Conn. 316, 320–25, 294 A.2d 297 (1972). The defendant, however, has the burden ' "to show that his counsel's conduct fell below that standard and that the lack of competency contributed to the conviction." ' *State* v. *Clark,* supra." *State* v. *Chairamonte,* 189 Conn. 61, 63, 454 A.2d 272 (1983). The United States Supreme Court recently reaffirmed the "reasonably competent attorney" standard: "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id.

This case presents a situation where the record on appeal is inadequate to determine whether the defendant was denied effective assistance of counsel. "The transcript of the proceedings in the trial court allows us to examine the *actions* of defense counsel but not the underlying *reasons* for his actions." (Emphasis in original.) *State* v. *Gregory,* 191 Conn. 142, 144, 463 A.2d 609 (1983).

Contrary to the defendant's claim, the record is silent as to whether defense counsel was aware of the statutory scheme available for compelling the presence of out-of-state witnesses. The record does reveal that defense counsel had been unable to gain the cooperation of the Rhode Island alibi witnesses. Under the circumstances, defense counsel might have made a tactical decision not to pursue uncooperative witnesses. "Our role in a case like this, however, is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. Without a hearing in which the reasons for counsel's decision may

be elicited, any decision of ours on this claim would be entirely speculative." *State* v. *Chairamonte,* supra, 64.

"This court has emphasized in other cases that a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal. *State* v. *Just,* [185 Conn. 339, 370–71, 441 A.2d 98 (1981)]; *State* v. *Barber,* [173 Conn. 153, 154–55, 376 A.2d 1108 (1977)]. Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence which is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency. 'The defendant, his attorney, and the prosecutor have an opportunity to testify at such a hearing as to matters which do not appear of record at the trial, such as . . . whether, for tactical reasons, [the presence of certain witnesses was not compelled] . . . .' *State* v. *Barber,* supra, 155." *State* v. *Mason,* supra, 578–79; see *State* v. *Chairamonte,* supra, 64–65. We therefore find no error. This holding, however, does not mean that the defendant is precluded from pursuing his claim of ineffective assistance of counsel in an appropriate collateral action.

## II

The defendant's second claim is that the trial court erred in refusing to poll the jury after one juror expressed discomfort in deciding the case. During jury deliberations, one of the jurors sent a note to the trial court requesting that the juror be excused from the case because he felt "uncomfortable."[2] The trial court asked that the juror be brought into the courtroom outside the presence of the other jurors. In the presence of both

[2] The note read: "Dear Judge, I would like to be excused from this case because I feel uncomfortable. Signed Bob Pfersick."

counsel, the juror upon being questioned by the trial court stated that he felt "uncomfortable in making a decision," but after a discussion with the trial court indicated a willingness to continue as a juror. The trial court then asked the juror to rejoin his fellow jurors in the deliberation room.[3] No objection or other action was taken by the defendant at that time.

Later that day the jury returned to the courtroom and the clerk asked the foreman to give the verdict. The jury, in unison, assented to the guilty verdict.[4] The defendant then requested that the jury be polled. He did not, however, distinctly raise the issue of the juror who had earlier expressed discomfort in making a decision. The trial court denied the motion and the defendant excepted.

In the present case, the defendant did not object when the juror who expressed discomfort in making a decision was returned to resume deliberations. Furthermore, although the defendant excepted to the trial

[3] "The court: Mr. Pfersick, I'm a little bit confused by your request. Is it you feel physically uncomfortable or is it that you feel uncomfortable having to make a decision?

"Mr. Pfersick: Uncomfortable in making a decision. I seen the other one here—.

"The court: Don't tell me what their decision is.

"Mr. Pfersick: I saw the other alternate that is why I asked for replacement.

"The court: It's impossible for me to give you a replacement.

"Mr. Pfersick: Okay, okay.

"The court: If I were to excuse you, I would have to declare a mistrial and we would have to go through—.

"Mr. Pfersick: Oh no, oh no, I don't want you to do that, no. I'm sorry, okay.

"The court: Then rejoin the fellow jurors.

"Mr. Pfersick: Okay, I'm sorry."

[4] "The clerk: Ladies and gentlemen of the jury, you upon your oaths do say that on the first count charging the accused with robbery in the first degree mentioned in the information he is guilty and on the second count charging the prisoner with assault in the first degree mentioned in the information he is guilty and so say you all?

"The jury: Yes."

court's denial of his request to poll the jury, he failed to give any reason for his request or to set forth any basis for his exception after his request was denied. We are not bound to consider any claim of error "unless it was distinctly raised at the trial." Practice Book § 3063. Because of the unusual circumstances of this case concerning this issue, however, we have decided to address this claim of error.

Practice Book § 869 provides, in relevant part: "After a verdict has been returned and before the jury have been discharged, the jury *may* be polled at the request of any party or upon the judicial authority's own motion." (Emphasis added.) The decision to poll the jury is discretionary with the court. *State* v. *Avcollie,* 188 Conn. 626, 644, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S. Ct. 2088, 77 L. Ed. 2d 299 (1983); *State* v. *Tucker,* 181 Conn. 406, 420, 435 A.2d 986 (1980).

" 'In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709 [1972].' " *State* v. *Barlow,* 177 Conn. 391, 394, 418 A.2d 46 (1979). "Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. *State* v. *Brown,* 169 Conn. 692, 702, 364 A.2d 186 (1975)." *State* v. *Jones,* 180 Conn. 443, 448, 429 A.2d 936 (1980). "The aggrieved party, therefore, assumes a heavy burden when seeking to reverse the exercise of judicial discretion." *State* v. *Jeustiniano,* 172 Conn. 275, 285, 374 A.2d 209 (1977).

" '[W]hen the jury have openly, deliberately and unanimously assented to the verdict when called on for that purpose, it afford[s] all the evidence of unanimity which could reasonably be required.' [*State* v. *Hoyt,* 47 Conn. 518, 533 (1880)]." *State* v. *Tucker,* 146 Conn. 410, 415, 151 A.2d 876 (1959). The trial court was in the

best position to observe the demeanor of the jurors, especially that of the juror who had expressed discomfort, when they assented to the verdict. Apparently satisfied that the verdict was unanimous, the trial court denied defense counsel's request to poll. Under the circumstances of this case, there is nothing in the record to indicate that the trial court abused its discretion in refusing to poll the jury.

There is no error.

In this opinion the other judges concurred.