STATE OF CONNECTICUT *v.* LUIS RIVERA
(12230)

PETERS, C. J., HEALEY, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued May 3—decision released July 2, 1985

*Sue L. Wise,* with whom, on the brief, were *Joseph G. Bruckmann* and *Elizabeth M. Inkster,* for the appellant (defendant).

*Thomas V. O'Keefe, Jr.,* assistant state's attorney, with whom were *Julia D. Dewey,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

PETERS, C. J. The principal issue in this appeal is the determination of the proper forum in which to consider the defendant's claim that his robbery conviction must be set aside because of ineffective assistance of counsel. The defendant, Luis Rivera, was charged in a substitute information with having committed robbery in the first degree in violation of General Statutes § 53a-134 (a) (4); criminal attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (4); conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (4); and larceny in the second degree in violation of General Statutes §§ 53a-119 and 53a-123. After a trial to a jury, he was found guilty of all of the charges except that of larceny. He appeals from the judgment convicting him of these crimes and sentencing him to an effective sentence of five to ten years.

The defendant's conviction arose out of the following facts. Three young men were returning home from their jobs at a restaurant in Wallingford when the moped on which two of them were riding broke down. The other young man was on foot. While they waited for help, a red station wagon drove up and stopped. The passenger in the car first asked for directions and then proceeded to threaten the men and to demand their money. When, after some hesitation, the victims complied with this demand, the car drove off. Although the incident occurred at night, the area was brightly lit and the victims noted the license plate of the car. After making a timely report to the police, the victims were able to identify the car used in the crime when

the police, shortly thereafter, located the car outside a Meriden after-hours bar. The car, which had been stolen, was later determined to contain a fingerprint of the defendant. Each of the three victims, on the basis of independent photographic arrays, identified the defendant as the person who had taken their money. Each of the victims also identified the defendant in court.

The defense offered at the trial was one of alibi. Several witnesses testified that the defendant was at the after-hours club at the time of the crime, and that he was under the influence of drugs and alcohol throughout that night. In addition, the defense sought to undermine the credibility of the witnesses presented by the state.

The defendant's only claim on this appeal is that he was denied his constitutionally guaranteed right to effective assistance of counsel in violation of the sixth and fourteenth amendments to the United States constitution and of article first, § 8, of the Connecticut constitution. It is undisputed that the constitutional right to counsel to which every person accused of a crime is entitled is a right to effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *State* v. *Gregory,* 191 Conn. 142, 143, 463 A.2d 609 (1983); *State* v. *Scielzo,* 190 Conn. 191, 205–206, 460 A.2d 951 (1983). The defendant alleges that trial counsel's conduct of his defense constituted ineffective assistance in five respects: failure to pursue pretrial suppression of photographic identifications by two of the victims; failure to object to hearsay testimony by the victims; failure to object to expert testimony about the defendant's fingerprint; failure to object to inflammatory cross-examination of one of the defendant's alibi witnesses; and prejudicial direct examination of another of the defendant's alibi witnesses.

The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. *State v. Tirado,* 194 Conn. 89, 91–92, 478 A.2d 606 (1984); *State v. Gregory,* supra, 143–44; *State v. Chairamonte,* 189 Conn. 61, 63, 454 A.2d 272 (1983); see *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). As we have repeatedly held, this test is difficult to meet on the face of an appellate record because such a record rarely reveals the strategic reasons behind the actions taken or not taken by trial counsel. For that reason, we have with increasing frequency declined to consider such claims on direct appeal, suggesting instead that their merits be addressed by recourse to habeas corpus. See, e.g., *State v. Lubesky,* 195 Conn. 475, 485, 488 A.2d 1239 (1985); *State v. Jacobowitz,* 194 Conn. 408, 413, 480 A.2d 557 (1984); *State v. Tirado,* supra, 92–93.

Defendants have been faced with a quandary about the proper way to pursue claims for ineffective assistance of counsel. On the one hand, a direct appeal on such a claim is almost always an exercise in futility. On the other hand, failure to take a direct appeal runs the risk of potential conflict with the limited authority of trial courts to hear petitions for habeas corpus. This court has repeatedly emphasized that "[a] petitioner seeking to raise federal constitutional claims in a collateral proceeding must first allege and establish by a preponderance of the evidence that he did not deliberately bypass the orderly procedure of direct appeal." *Paulsen v. Manson,* 193 Conn. 333, 337, 476 A.2d 1057 (1984); *Morin v. Manson,* 192 Conn. 576, 579, 472 A.2d 1278 (1984); *McClain v. Manson,* 183 Conn. 418, 433, 439 A.2d 430 (1981); *Blue v. Robinson,* 173 Conn. 360,

369–70, 377 A.2d 1108 (1977). "The deliberate bypass rule serves two important functions: (1) it encourages a litigant to have all constitutional claims resolved in a single proceeding economizing the time and resources of all concerned parties and bringing the case to a conclusion; and (2) it prevents a prisoner from deliberately deferring his claims of unlawful confinement until a time when a new trial, if required as a result of the collateral proceeding, would be, for all practical purposes, impossible." *Paulsen* v. *Manson,* supra, 337–38.

We decide today that the deliberate bypass rule should be relaxed in cases in which the sole claim for relief from a criminal conviction is a claim of ineffective assistance of counsel. For such cases, immediate access to habeas corpus proceedings will in fact accomplish the purposes of the deliberate bypass rule. It will economize judicial resources by enabling the defendant's claim to be heard in a single forum that has the capacity to resolve the claim once and for all. It will enable the claim to be heard more, rather than less, expeditiously. For these reasons, we hereby announce that habeas corpus is the preferred route for review of convictions challenged solely on the ground of inadequate assistance of counsel.[1] Before the trial court entertains a habeas corpus petition, however, it should ascertain, on the record, that the defendant knowingly, voluntarily and intelligently waives the right to appeal his conviction directly.

---

[1] Whether the deliberate bypass rule should be relaxed in cases where inadequate assistance of counsel is not the sole issue is a question we need not decide at this juncture. When the claim of inadequate counsel is joined with other substantive and procedural claims of error, it is often difficult to make a judgment about the extent to which inadequate counsel has implicated the outcome of the criminal conviction. For that reason, it will ordinarily be necessary to await exhaustion of the direct appeal before the claim of ineffective assistance can be pursued on a petition for habeas corpus.

In accordance with this new procedure, we decline to find reversible error in the defendant's claim that he was denied adequate assistance of counsel at his trial, and remit him to whatever relief may be afforded to him upon a petition for habeas corpus. On the appellate record presently before us, we can only speculate why trial counsel chose to conduct the defendant's defense as he did. It may well be, for example, that further inquiry into photographic identifications would not have been fruitful after the unsuccessful challenge of the one photographic identification that was fully examined in a suppression hearing. Other trial decisions may have reflected a deliberate effort to minimize the deleterious effect of potentially damaging evidence. We note that the trial court, at the time of the defendant's sentencing, expressly stated that defense counsel "has done the very best he can do with the facts and situation that was presented to him." The trial court's view of the strength of the state's case against the defendant is corroborated by the absence of any claim, in this court, that the evidence against the defendant was insufficient to sustain his convictions.

There is no error.

In this opinion the other judges concurred.

