[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus based on ineffective assistance of counsel. First, because counsel had a conflict in representing both defendants. However, both defendants requested counsel to represent them after extensive explanation and canvass by the trial judge. They were best of friends, knowing their respective criminal records. Their independent alibis were not contradictory.
This Court was satisfied that petitioners did not show by a preponderance of the evidence that the conflict effected the outcome. The petitioner's expert qualified as an ethics expert not a trial expert.
Petitioner raises several charges regarding admission of certain evidence. Trial counsel answered to each charge as strategy which he discussed with petitioner and the co-defendant. They were all convinced that they would show victim to be preposterous and themselves to be consistent and forthright. None of those alleged evidence errors was shown CT Page 14 to have effected the outcome, as set forth in respondent's brief.
Victim claimed that these co-defendants had assaulted her 6 months earlier, but she did not tell anyone. She had gone to the hospital and told the doctor she had stomach cramps. She used a false name and later claimed she lost her eyesight but did not report it.
It is interesting to note that both defendants were represented by one attorney on appeal which has not been claimed as a conflict in this petition.
There was no evidence that trial counsel fell below any standard of competence. Trial counsel was shocked that his strategy did not succeed and that the victim was believed.
 The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Gregory 191 Conn. 142, 143, 463 A.2d 609 (1983); State v. Chairamonte, 189 Conn. 61, 63, 454 A.2d 272 (1983); see Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Rivera, 196 Conn. 567, 570, 494 A.2d 570 (1985).
This burden was not carried by a preponderance of the evidence.
For all of the above this petition for a writ of habeas corpus is denied. The petitioner is not entitled to relief of any kind.
DUNN, J.