[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus in which the petitioner claims he is illegally confined for the following reasons:
1. Petitioner's right to voir dire under Section 54-82f
of the Connecticut General Statutes and Article IV of the Conn. Constitution as amended in 1972 was unconstitutionally restricted by the trial judge.
2. Trial counsel was ineffective for failing to create and preserve a record of the unconstitutional restriction of the voir dire in not allowing trial counsel to inquire of prospective jurors whether they would attach more credibility to the testimony of a police officer than any other witness and in failing to inform appellate counsel of this fact.
First let me address the question of ineffective assistance of counsel.
 The standard used to review claims of ineffective assistance of counsel is whether defense counsel's performance was "reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law." State v. Clark, 170 Conn. 773, 283, 365 A.2d 1167, cert. denied, 425 U.S. 962, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976), quoting Gentry v. Warden, 167 Conn. 639, 646, 356 A.2d 906 (1975); see also Levine v. CT Page 2213 Manson; 195 Conn. 636, 639, 490 A.2d 82 (1985); State v. Chairamonte, 189 Conn. 61, 63. The burden here is on [the petitioner] to prove that counsel did not meet this standard; Levine v. Manson, supra 640; State v. Chairamonte, supra; State v. Clark supra; and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 reh. denied, 467 U.S. 1267, 104 S.Ct. 35; 62, 82 L.Ed.2d 864 (1984).
Again, assuming arguendo that petitioner's trial counsel acquiesced to an admonishment not to question venire persons as to whether they would attach more credibility to an officer's testimony because of his position, our Supreme Court has held: "We agree that State v. Hill, 196 Conn. 667,671 (1985), State v. Rogers, 197 Conn. 314 (1985) and more recently, State v. Dolphin, 203 Conn. 506 (1987), do not establish a per se error standard for the disallowance of a particular question during voir dire." State v. Fritz,204 Conn. 156, 162 (1987).
This Court did not hear any evidence that trial counsel's performance fell below any standard of competence and did not hear that "but for counsel's unprofessional errors the result would have been different."
This Court was satisfied that this case was not decided on the testimony of police officers, but rather on the testimony of the victim.
The petitioner was not able to show that the trial judge improperly restricted the voir dire — certainly not by a preponderance of the evidence.
The state's attorney had no recollection of any such restriction and was more than satisfied that the state's case did not rely on police testimony. He felt confident that he could have won on the victim's testimony alone. The alibi witness was discredited by a civilian witness. The police officer was surplusage.
Petitioner's trial counsel was not convincing for he could not recall any direct admonition by the judge. At best he inferred that he should not ask on the voir dire about the credibility of police. He did not contradict the state's attorney's opinion that this was not a police credibility CT Page 2214 case and he had no special reason to inquire along that line
Although this Court agrees that restricting a voir dire is in most instances injurious it is satisfied that it had no affect on the petitioner in this case. The trial judge did properly instruct the jury both preliminarily and in its charge that no special weight should be given to a police officer just because he is a police officer.
Because the voir dire question is intertwined with the ineffective assistance of counsel this Court feels the deliberate bypass of an appeal issue is moot.
For the reasons set forth above the petition for habeas corpus is denied and the petitioner is not entitled to relief in any form.
Dunn, J.