[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus in which the petitioner claims he is illegally confined for the following reasons:
(1) Petitioner was denied the effective assistance of counsel in violation of the Sixth andFourteenth Amendments to the United States Constitution and Article First, Section Eight of the Connecticut Constitution for failure to:
(a) Continue to object to the court's restriction of the voir dire as to questions concerning the credibility of police officers and the defendant (Petitioner) if he testified.
(b) Request the voir dire to be stenographically recorded.
(c) Create and preserve a record for appeal.
(2) Petitioner was denied his state constitutional right to voir dire because of trial court's limiting questioning.
(3) Petitioner denied his statutory right to meaningful direct appeal and federal constitutional right of due process because of the failure to record the voir dire.
First, as to the question of ineffective assistance of counsel the standard is Strickland v. Washington, 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Talton 197 Conn. 280, 297 (1985); and Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
There was no testimony that either trial or appellate counsel fell below any standard. Further there was no evidence that the court restricted the voir dire examination and even if it did that, it had any effect on the outcome of the trial.
The testimony, unrebutted was that the trial did not CT Page 3514 depend on police credibility and the petitioner did not testify. The case hinged on the victim's testimony, as both the state and defense counsel agreed.
This being the case appellate counsel would have no reason to challenge failure to voir dire on police credibility.
This Court agrees that restricting the voir dire is improper, but is not per se error. State v. Hill, 196 Conn. 667, (1985); State v. Rogers, 197 Conn. 314 (1985); State v. Dolphin, 203 Conn. 506 (1987).
The petitioner during this hearing withdrew his claims of illegal sentence and improper PSI.
Petitioner makes the further claim that under State v. Vitale, 190 Conn. 219, 223-227 (1983) the absence of transcripts of part of the voir dire mandates the matter be returned to the trial court for reconstruction.
This Court is satisfied that it was common practice in New Haven to waive the presence of the court reporter and defense counsel was satisfied that that is what happened in this one. He further testified that the reporter would have been called if any issues that required a record arose.
Neither the state's attorney nor defense counsel could recall anything of significance occurring that day so there is nothing to reconstruct.
There was no substantial and significant omission in the transcript to mandate a new trial. State v. Vitale, supra at 223.
For all of the above reasons this petition for a writ of habeas corpus is denied and petitioner is not entitled to relief of any kind.
DUNN, J.