[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This third amended petition for a Writ of Habeas Corpus is a petition based on a claim of ineffective assistance of counsel, essentially for failing to adequately investigate.
Whether trial counsel could have done more is not the issue but whether he did enough. He testified that he had known the petitioner for some time having represented him on an earlier trial. This case was pending at the time of that trial and he spoke to petitioner often about this trial. Counsel felt he had ample time to talk to the witnesses and confirmed their expected testimony. The one witness he did not talk to (Mr. Huff) he knew nothing about and in fact was only disclosed to him in the instant petition on October 1, 1990, certainly not before or during trial.
Trial counsel felt he had all the state's reports and statements and the state inquired of each witness about their criminal records. Petitioner claimed there was much more impeachment evidence that trial counsel never checked on. It CT Page 3520 would appear that it at best would have been cumulative.
In Petitioner's Exhibit "B" (The sentencing transcript) we have the benefit of the trial judge's impressions. He leaves no doubt that the evidence against petitioner was overwhelming. He notes that petitioner was positively identified as the perpetrator by a witness that had known him for ten (10) years.
This Court heard nothing about counsel's performance not measuring up to any acceptable standard or that additional impeachment testimony would have been both admissible and would have effected the outcome.
 The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Talton; 197 Conn. 280, 297 (1985); and Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
DUNN, J.