[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition for a writ of habeas corpus claiming ineffective assistance of counsel.
First claim by petitioner's expert was that the cross-examination was weak. The expert however said that the cross-examination of the main prosecution witness was good. This witness' testimony alone was enough to convict.
The expert did admit that the decision to cross-examine is a matter of tactics so that issue was not proven by a preponderance of the evidence and must fail. CT Page 3407
Co-defense counsel, who worked directly with petitioner's counsel, was a very experienced defense attorney. He did not feel that petitioner's counsel was ineffective.
Petitioner's counsel very wisely followed the lead of his seasoned co-counsel.
Much was made of the failure to sever the cases and to request cautionary instructions not to apply damaging testimony against the co-defendant to the petitioner. The trial judge's cautionary remarks at the beginning of the trial an in his charge should have sufficed. There was no evidence that the motion to sever would have been granted or the cautionary instructions made. Most important there was no certainty that the outcome would have been different. The original co-defendant that turned State's evidence would still have testified and that would have been enough for conviction.
Unfortunately for the petitioner this admitted low life was believed. State v. Chapman, 16 Conn. App. 38, 44, footnote 2.
 In State v. Talton, 197 Conn. 280, 297 (1985): The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Gregory; [191 Conn. 142, 143, 463 A.2d 609 (1983)]; State v. Chairamonte, 189 Conn. 61, 63, 454 A.2d 272 (1983); see Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." State v. Rivera, 196 Conn. 567, 570, 494 A.2d 570 (1985).
In conclusion the petitioner had the benefit of two competent counsel and he received a fair trial. Petitioner could not demonstrate by a fair preponderance of the evidence that he did not.
For all the above this petitioner for a writ of habeas corpus is denied and the petitioner is not entitled to relief of any kind.
DUNN, J. CT Page 3408