[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case where the petitioner was originally charged with Larceny I and Weapon in a Motor Vehicle, Sec.29-38 and three narcotics charges. Trial counsel was successful in having the three narcotics charges dismissed. The trial judge sentenced him to fifteen (15) years execution suspended after ten (10) years. Before trial, trial counsel had negotiated a plea agreement of six (6) years after two which he urged the petitioner to accept because of the exposure of sixty (60) years. The petitioner turned it down.
The petitioner appealed his conviction and that appeal is pending. This Court will not consider the issues raised in the appeal in deciding the question of ineffective assistance of counsel. They are the consolidation of the two charges and testimony regarding the investigation of a fatal accident in Bridgeport or Stratford.
In any event there was no evidence that the consolidation effected the outcome. Any prejudicial testimony about the fatal accident was strongly objected to by trial counsel resulting in an innocuous reference followed by clear instructions to the jury that they were not to infer in any way that the petitioner was responsible for the accident or connected to it in any way. (Exhibit "G", Transcript page 95.)
The petitioner further claims that the prosecutor's mentioning the accident in closing argument demanded a motion for a mistrial. Trial counsel felt it was his strategy to not make much of the remark which would only call attention CT Page 4665 to it. There was no proof by a preponderance of the evidence that those remarks effected the outcome.
The question of whether a lesser included offense (joy riding) should have been sought will be resolved in the appeal. It is not patent ineffective assistance.
Trial counsel was surprised with the jury finding the petitioner guilty of the weapons charge when he was not tied to it. That is, the perfect example of the vicissitude of trial. Trial counsel's recommendation to accept the plea bargain should not have been ignored. The petitioner would have been released probably more than a year ago.
This Court can not accept that trial counsel erred in not seeking an amendment to the charging document to state the conjunctive and not the disjunctive in the larceny statute. The statute Sec. 5.3-a122 (53a-119) is quite clearly in the disjunctive using "or" not "and".
The petitioner's expert could not tell this Court that trial counsel's conduct probably resulted in a guilty verdict. This includes the failure to charge on the Alford plea and the unchanged conduct.
The petitioner's explanation about how he got the subject car was — I gather — as absurd to the Jury as it was to this Court.
This Court would not further continue this matter for petitioner's attorney to check on another witness. As it was, this Court accommodated the petitioner by using three Court days for three hours of testimony.
What that witness would say is speculative and trial counsel denies ever hearing about him so it can not go to ineffective assistance. Petitioner felt that it would go to trial counsel's credibility. This Court disagrees.
This Court was more than satisfied that the petitioner received a fair trial with competent counsel. Petitioner would require a perfect trial which can not be provided. The converse a perfect prosecution might have resulted in the narcotics charges not having been dismissed.
 The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial CT Page 4666 counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Gregory, [191 Conn. 142, 143, 463 A.2d 609 (1983)]; State v. Chairamonte, 189 Conn. 61, 63, 464 A.2d 272 (1983); see Strickland v. Washington 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Rivera, 196 Conn. 557, 570, 454 A.2d 570 (1985).
DUNN, J.