[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTS
The petitioner was convicted of Manslaughter in the First Degree after a trial to a three-judge panel on a charge of murder. He was sentenced to a term of twenty (20) years imprisonment and he is presently incarcerated. He has filed a Petition For Habeas Corpus, the last amendment of which was on March 2, 1990. He has claimed that his imprisonment is illegal because he was denied adequate and effective assistance of counsel and due process of law in accordance with Article I, Section 8 of the Connecticut Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.
In his petition, Holloway made six (6) specific claims of ineffective assistance. He pursued only the following contentions during his two-day hearing on the petition, however: (1) that trial counsel failed to examine effectively the state's witnesses on their motivations for testifying in relation to their own pending criminal cases; (2) that trial counsel failed to cross-examine effectively and investigate adequately the state's witnesses regarding their inconsistent and possible perjured statements to the police department and the State's Attorney's responsibility as to the presentation of these statements to the Court at the trial; (3) that trial counsel failed to raise the issue of a conflict of interest between the Petitioner and the State's Attorney Appleton at the time of the Hearing in Probable Cause since Appleton represented Petitioner in a criminal case several years earlier; and (4) that trial counsel failed to investigate and cross-examine adequately one Iris Santiago, the State's principal identification witness, about the lack of the reliability of her identification.
Mr. Holloway was represented on the habeas petition by counsel until February 1, 1991, when he fired her. He was fully canvassed by the Court concerning the effect of the firing. He stated that he wished to proceed pro se and would be ready for his hearing on the petition which had been scheduled for February 13 end 19, 1991. The petitioner presented a "Motion to Request Subpoenas Be Issued" together with six (6) subpoenas on February 7, 1991. The Motion was granted. The subpoenas were signed by the Court and delivered to a sheriff for service. Only one subpoena could be served. The petitioner failed to subpoena trial counsel, but counsel did appear voluntarily, pursuant to a request by CT Page 1539 the Court.
The petitioner examined his trial counsel extensively. He examined Detective Fagianni. He himself testified at length. After extensive testimony and a review of the transcript, the Court concludes that the petitioner has failed to sustain his burden of proof. See Arey v. Warden,187 Conn. 324, 331 (1982). Attorney John Andreini's testimony that he did cross-examine the state's witnesses thoroughly with regard to bias or motive to give false testimony and their inconsistencies is borne out by the transcript of the trial.[1]
Mr. Holloway's contention that his trial attorney did an ineffective and substandard job of cross-examining Iris Santiago, has no merit. Counsel filed and argued a Motion to Suppress the identification [Tr. 352-356]. He questioned the witness thoroughly concerning her identification testimony. [Tr. 182-186; 193-214].
With regard to petitioner's allegation that trial counsel failed to raise the issue of conflict of interest between petitioner and State's Attorney Appleton, the evidence discloses that trial counsel was unaware of Appleton's prior representation of Holloway until after the hearing in probable cause which transpired on September 17, 1987. [See Petitioner's Exhibit A]. On May 25, 1988, Mr. Andreini wrote Holloway. [Respondent's Exhibit 1]. Andreini indicated that he had recently learned of Appleton's prior representation of the petitioner and advised him that he should immediately raise the conflict claim or he might be deemed to have waived it. Andreini testified that Holloway did not want him to press the conflict issue. Holloway denied it. Holloway was not a credible witness.
 The test that measures ineffective assistance of counsel requires a defendant to make two showings, that trial counsel's performance was not reasonably competent or within the range of ordinary training and skill in the criminal law, and that trial counsel's lack of competence contributed to the defendant's conviction. State v. Tirado, 194 Conn. 89, 91-92, 478 A.2d 606 (1984); State v. Gregory, [191 Conn. 142, 143, 463 A.2d 609 (1983)]; State v. Chairamonte, 189 Conn. 61, 63, 454 A.2d 272 (1983), see Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). State v. Rivera, 196 Conn. 567, 570, 494 A.2d 570 (1985).
State v. Talton, 197 Conn. 280, 297 (1985). Petitioner has CT Page 1540 not sustained his burden of proof.
In summary, the petitioner had the benefit of competent counsel and he received a fair trial. The petition is dismissed.
SCHEINBLUM, J.