MICHAEL D. WILLIAMS *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION (12348)

PETERS, C. J., HEALEY, PARSKEY, SHEA and HADDEN, Js.

Argued January 10—decision released April 2, 1985

*Barbara J. Hampton,* for the appellant (petitioner).

*Edward T. Ricciardi,* assistant state's attorney, with whom, on the brief, was *Francis M. McDonald,* state's attorney, for the appellee (respondent).

PARSKEY, J. Following a conviction of robbery in the first degree in a jury trial, the petitioner, Michael D. Williams, petitioned for a writ of habeas corpus in the Superior Court, claiming that he had not received the effective assistance of counsel. After a full evidentiary hearing and a review of the entire trial transcript, the court denied his petition, from which decision the petitioner appeals. The petitioner bases his claim of ineffective assistance of counsel on his attorney's failure to object to evidence offered by the state in three instances at trial. We find no error.

The facts relevant to the petitioner's claim of ineffective assistance of counsel are summarized as follows. On November 25, 1980, at about 10 p.m., the victim was struck on the head, knocked to the pavement and robbed of her handbag while standing at a gas pump island at a gas station in Waterbury. About ten minutes later, two Waterbury police officers, responding to a broadcasted report of the crime, stopped the peti-

tioner on a street not far from the gas station. His physical appearance and the ski jacket he wore matched descriptions given by witnesses of a black male observed running from the robbery scene. Upon questioning, the petitioner gave the police conflicting explanations as to why he was breathing heavily and how he had cut his hand, which was wet with blood. The police conducted a "pat down" search and retrieved forty-seven dollars in currency from the petitioner. This money was admitted into evidence at trial without objection by defense counsel.

The police transported the petitioner back to the gas station, where he was identified by several witnesses as the same person they had seen running from the gas station. The petitioner's ski jacket was a significant factor in the witnesses' descriptions and identifications. Two witnesses noted "brown markings" or blood stains on the jacket as one of the means by which they identified the petitioner's jacket as the one worn by the man observed fleeing the robbery scene, and one of the arresting officers also cited the stains as an identifying factor. The jacket was admitted into evidence without objection and witnesses referred to the stains as blood stains in their testimony. At the conclusion of the state's case, defense counsel and the prosecuting attorney stipulated in the jury's presence that the blood on the jacket was not that of the victim.

Two days after the robbery and arrest, the victim's credit card case was discovered in the police cruiser in which the petitioner had been transported to the police station following the incident. The credit card case was offered by the state and admitted into evidence at trial. Although defense counsel did not object to this piece of evidence, he cross-examined the police officer witnesses extensively regarding their failure to

discover the case in their pat-down search of the petitioner and the location and security of the cruiser during the two days before the case was found.

In his habeas corpus petition, the petitioner alleged that his attorney's failure to challenge the state's introduction into evidence of the blood-stained ski jacket, the cash seized by the police during the pat-down search and the victim's credit card case denied him the effective assistance of counsel and due process of law guaranteed by the state and federal constitutions. In his memorandum of decision on the habeas petition, the trial judge considered each of the three pieces of evidence, found that all were admissible, and concluded that the petitioner had in fact received the effective assistance of counsel at trial. We agree with the conclusions of the trial court.

To succeed in his claim of ineffective assistance of counsel, the petitioner must show that his attorney's performance was not " 'reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law' "; *State* v. *Clark,* 170 Conn. 273, 283, 365 A.2d 1167, cert. denied, 425 U.S. 962, 96 S. Ct. 1748, 48 L. Ed. 2d 208 (1976), quoting *Gentry* v. *Warden,* 167 Conn. 639, 646, 356 A.2d 902 (1975); and further, that this " 'lack of competency contributed to the conviction.' " *State* v. *Clark,* supra; see also *State* v. *Gregory,* 191 Conn. 142, 143–44, 463 A.2d 609 (1983); *State* v. *Scielzo,* 190 Conn. 191, 206, 460 A.2d 951 (1983); *State* v. *Chairamonte,* 189 Conn. 61, 63, 454 A.2d 272 (1983). If the evidence upon which the petitioner bases his claim of ineffective assistance was properly admissible, he cannot sustain even the first part of this dual burden since the failure to object to admissible evidence cannot be considered conduct falling below the level of reasonably competent representation.

The ground upon which the petitioner argues that all three pieces of evidence should have been excluded is lack of relevancy. "Evidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable. Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue." *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82–83, 291 A.2d 715 (1971). The principal issue in the petitioner's criminal trial was the identity of the perpetrator of the robbery. Since the blood-stained jacket, the forty-seven dollars in currency and the victim's credit card case each tended to connect the petitioner with the crime, they constituted relevant evidence in this case.

With regard to the ski jacket, the petitioner concedes that the garment was relevant and admissible, but contends that since the blood on the jacket was not the victim's, any reference to the stains as blood stains was irrelevant and prejudicial. We disagree. The stains on the jacket were identified as blood stains by several witnesses and were a significant factor in their recognition of the petitioner as the individual observed running from the gas station shortly after the robbery. The testimony of these witnesses rendered the stains highly relevant to the issue of identification. Any prejudice to the petitioner was mitigated by the stipulation between defense counsel and the state's attorney, entered before the jury, that the blood on the jacket was not that of the victim. Given the officers' testimony regarding the petitioner's bleeding hand, the jury was more likely to have assumed that the stains were from

the petitioner's own blood than to have concluded from this evidence, as the petitioner contends, that he was "a violent man, deserving of punishment."

The petitioner argues that the forty-seven dollars seized from his back pocket was inadmissible for lack of proof that any of this money had been taken from the victim. The victim was not sure exactly how much money had been in her handbag, but she estimated the amount to be about twenty or thirty dollars. Because the bills admitted into evidence lacked any distinguishing marks or characteristics, were not of unusual denominations or quantity and had not been found in an unlikely place, the petitioner claims that they were not relevant evidence. Although the factors cited by the petitioner would certainly affect the evidentiary weight to be accorded to the admitted currency, they do not render that evidence inadmissible under the circumstances of this case. The money was seized by police officers shortly after the robbery and near the scene of the crime from an individual whose appearance matched the descriptions given by witnesses. The amount seized could conceivably have included the amount of money that the victim believed had been in her stolen handbag. Although there was no direct proof that the money seized from the petitioner had in fact belonged to the victim, there was a sufficient connection between these bills and the crime to overcome an objection on relevancy grounds. See State v. Piskorski, 177 Conn. 677, 696, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979).

Finally, the petitioner claims that the victim's credit card case was inadmissible because it was not found on his person during the pat-down search, but was discovered two days after the robbery in an unlocked and unguarded police cruiser that was used subsequent to the time when the petitioner had occupied it. Again, these facts, which were extensively explored by defense

counsel on cross-examination, go to the weight of this evidence rather than its admissibility. The two-day period between the transportation of the petitioner and the discovery of the credit card case in the vehicle was not so lengthy as to sever the connection between the evidence, the petitioner and the crime. The card case was thus not deprived of its relevancy by remoteness and was properly admitted at trial.

There is no error.

In this opinion the other judges concurred.