[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Patrick Buster has filed this petition for habeas corpus on the ground that he was denied effective assistance of counsel with regard to his plea of guilty under the Alford doctrine to a charge of violation of 21a-278 (b) C.G.S., specifically, possession of cocaine by a non-drug-dependent person with intent to sell.
Specifically, the petition claims that the attorney who represented him in connection with his plea bargain did not adequately advise him that he was pleading to a charge applicable to persons not dependent on drugs and that the attorney failed adequately to inform him that there were other statutes applicable to drug dependent persons.
The petitioner further claims that his lawyer knew the petitioner was emotionally unstable yet failed to request psychiatric or other evaluation in connection with the plea.
The court finds the facts to be as follows. On June 1, 1988, the petitioner was on probation, having been sentenced to five years, execution suspended after nine months, with five years probation upon charges of assault in the third degree, carrying a dangerous weapon, larceny, and robbery. He was arrested and charged with possession of cocaine with intent to sell as a non-drug-dependent person in violation of 21a-278 C.G.S. When the petitioner was subjected to medical screening upon being arrested, while on probation, he was not noted as appearing to be under the influence of drugs or as indicating drug use. When he was first interviewed by an investigator employed by the public defender's office, the petitioner did not indicate that he was drug dependent but emphasized that he as a user, not a dealer of cocaine. While the investigator testified at the hearing on the habeas petition that he had no independent recollection of interviewing Mr. Buster, the fact that his interview form contains an X through the medical section and through questions concerning drug dependency indicate that the petitioner responded in the negative to questions whether he was drug dependent or suffered from any medical problems.
Approximately a month after his arrest, the petitioner was transferred to Part A of the Bridgeport Judicial District where Attorney Ronald Williams, Jr., a public defender, was appointed to represent him. The court finds that the petitioner did not advise Attorney Williams of any emotional instability or any other problem that would have indicated to the attorney that he might be unable to participate competently in consideration of plea bargains under consideration. While the petitioner was sometimes CT Page 569 upset and teary during his discussions, the court finds that his, conduct was not such that it should have suggested any problem other than the normal reaction to the prospect of incarceration on the part of a convicted felon whose arrest occurred during his probation.
At the time of his arrest, which had proceeded upon a complaint of threatening, the petitioner was found by police to be carrying approximately sixteen foil folds of cocaine and $307.00 in cash, and he was subject to a charge of violation of probation and the imposition of the four years and three months remaining to be served on his prior sentence. The state's attorney refused to reduce the charge from 21a-278 (b) to a lesser charge of possession or a charge of possession with intent to sell by a drug dependent person, and Attorney Williams conveyed to the petitioner that the best plea bargain he had been able to secure was a proposed total sentence of ten years, execution suspended after six years, on the charge of violation of 21a-278 (b) to run concurrent with the prior sentence. Because the petitioner maintained that he had not had intent to sell the vials, his attorney counselled him to invoke the Alford doctrine rather than acknowledge a factual foundation of the offense to which the plea was to be entered.
In canvassing the petitioner's plea on October 19, 1988, the court did not specifically refer to the fact that 21a-278b C.G.S. applies to possession with intent to sell as to a non-drug-dependent person, however at sentencing on December 16, 1988, the state's attorney recited that the petitioner had entered his plea to "the state dependency producing drug law in that he had possession of cocaine with intent to sell by a non-drug dependent person and in violation of 21a-278 subsection b." (Ex. 2, p. 1). Between his plea and sentencing the petitioner had occasion to consult with Attorney Williams, who obtained a delay of sentencing so that the petitioner could see members of his family in Bridgeport before he was transferred to a more remote location. The petitioner raised no question concerning the charge to which he had pled, nor did he do so when the nature of the statute was indicated at sentencing.
The court finds that the petitioner did not tell Attorney Williams that he was drug-dependent but merely that the drugs found in his possession were for his own use, not for sale. On behalf of his client, Attorney Williams made the calculation that to allege drug dependency would expose his client to a sentence of up to seven years for violating 21a-279 C.G.S. and that the total sentence if he were convicted of this lesser offense could be up to eleven years three months. Attorney Williams also considered that the statute applicable to possession with intent to sell by a drug dependent person carried a possible maximum sentence of CT Page 570 fifteen years, and he advised the petitioner of his view that the judges then presiding over criminal trials in Bridgeport were known for giving heavy sentences upon conviction.
The court finds that Attorney Williams sufficiently advised the petitioner of his options and exposure and that the petitioner knew the charge to which he entered his plea at the time he entered it.
At the time he advised the petitioner of the charge, the options, and the likely periods of actual incarceration, Attorney Williams indicated that the precise charge to which the guilty plea was entered was not significant in formulating his client's options, because drug offenders were all, at the time, eligible for supervised home release. Attorney Williams testified that he advised the petitioner that he would be eligible for this program depending on his behavior, however he also told the petitioner that eligibility for any such program was at the discretion of the warden. The petitioner's claims concerning an alteration of eligibility rules is the subject of another petition and will not therefore be considered here.
The Connecticut Supreme Court has held that "[t]o succeed in his claim of ineffective assistance of counsel, the petitioner must show that his attorney's performance was not `reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in criminal law' . . . and further that this lack of competence contributed to the outcome. Levine v. Manson, 195 Conn. 636, 639, 490 A.2d 82 (1985); Williams v. Manson, 195 Conn. 561, 499 A.2d 377 (1988).
The United States Supreme Court in Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984), has indicated that proof of unconstitutionally ineffective assistance of counsel depends on a showing 1) that the attorney's performance was so deficient and his errors so serious that he could not be said to be functioning as counsel and 2) that there exists a reasonable probability that but for counsel's errors, the result of the proceedings would have been different.
Lurking in this petition is the claim that Attorney Williams should have foreseen that eligibility for supervised home release would in the future be denied to those who pled guilty to having been non-drug dependent sellers of controlled substances, such that his plea negotiations should have focused on the nature of the charge as much as on the time to be served. The petitioner has presented no evidence to suggest that any limitation on eligibility for home release was ascertainable at the time Attorney Williams was representing him, and there is absolutely no CT Page 571 basis for any conclusion that the state's attorney would have agreed to change the charge or that there was available to Attorney Williams any information which should have suggested to him that he could persuade either the prosecutor or a trier that the petitioner was drug dependent at the time he was arrested.
The petitioner has failed to prove his claims of ineffective assistance of counsel, and his petition is therefore dismissed.
BEVERLY J. HODGSON, JUDGE