[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner was tried for and convicted of the offense of murder (Connecticut General Statutes 53a-54c). He appealed. State v. Walker, 206 Conn. 300 (1988). Thereafter he filed this petition for Habeas Corpus in which he claims ineffective assistance of both trial and appellate counsel. However, at trial, the Petitioner abandoned all claims except his claim that appellate counsel rendered ineffective assistance by failing to raise and brief the issue of the correctness of the trial judge's instruction to the jury concerning circumstantial evidence.
On February 7, 1985, the Bridgeport police found the body of Eddie Singletary behind a building in Father Panik Village. Mr. Singletary died of gunshot wounds. Subsequently, the police arrested the petitioner and charged him with one count of murder in violation of Connecticut General Statutes Section 53a-54a(a).
The police arrested the petitioner on the basis of a series of interviews with Donald Minnick. The police interviewed Mr. Minnick because he had allegedly been with the victim on the night the victim died. Mr. Minnick told the police that the petitioner was also with him and the victim on the night of the murder. Minnick stated that although he did not see the petitioner shoot the victim, he assumed that the petitioner in fact committed the murder having seen them enter an alley together and then heard three or four shots. Minnick subsequently testified at the petitioner's trial.
The petitioner's trial commenced in Bridgeport Superior Court before the Honorable Samuel Freedman and a jury of twelve on April 14, 1986. On April 18, 1986, the jury found CT Page 6105 the petitioner guilty of murder. On June 6, 1986, the court, Freedman, J., sentenced the petitioner to a term of incarceration of thirty years in the custody of the Commissioner of Corrections.
Appellate Counsel raised four issues on appeal, two related to comments of the prosecutor about the defendant's past-arrest silence and failure to testify; one claiming error when the court allowed into evidence photographs of the deceased end one claiming insufficiency of the evidence. Our Supreme Court found no error.
Appellate counsel has since disappeared. Although the petitioner's Attorney for the habeas proceeding attempted to locate him for the hearing, his attempts were unsuccessful. The petitioner and his habeas corpus attorney as well as the state's attorney involved specifically stated for the record that the appearance and testimony of appellate counsel was not needed and all three waived his presence at the hearing.
At the outset, because the only issue is whether or not the appellate attorney rendered effective assistance to the petitioner, the court finds that the cause and prejudice standard is inapplicable and that there has been no deliberate bypass of appeal. See Tyson v. Warden, 24 Conn. App. 729,733 (1991).
Was Gregory Walker denied the effective assistance of appellate counsel?[1]
Petitioner contends that the failure to raise as an issue on appeal the correctness of the trial judge's charge to the jury on circumstantial evidence, denied him effective assistance.[2] His claim is that the following language, coming at the conclusion of the court's remarks about circumstantial evidence, was not only incorrect and misleading but also had the effect of diluting the state's burden of proof:
 In summary ladies and gentlemen, it is your right to draw inferences if you conclude that the facts found, excuse me — let me start that again so I don't mislead you. It is your right to draw inferences if you conclude that the facts that you find proven, reasonably establish other facts by reason and logic and are not a result of speculation, surmise or guesswork.
 If from the facts you find proven, you reasonably do infer other facts, you may then use CT Page 6106 the facts then so inferred as a basis for a further inference that other facts exist, including facts going to establish the guilt or innocence of the defendant.
The petitioner argues that the court's failure to instruct the jury at that point in the charge that "[b]oth the ultimate inference of guilt and the facts essential to that inference must be proved beyond a reasonable doubt"[3]
rendered the charge unconstitutional. The elements of both identity and intent were proven by circumstantial evidence. There was no eye witness to the shooting.
The United States Supreme Court "has concluded that the assistance of counsel is among those `constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" Hollaway v. Arkansas, 435 U.S. 475,489, 98 S.Ct. 1173 (1978).
In deciding whether counsel's performance has been such as to violate petitioner's constitutional right to effective assistance of counsel, this court must apply the now familiar two-prong test articulated in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, reh. denied 467 U.S. 1267 (1984).
 The standard used to review claims of ineffective assistance of counsel is whether defense counsel's performance was "reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law."
 . . . and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. "
Miller v. Angliker, 4 Conn. App. 406, 419, cert. denied197 Conn. 809 (1985), citing Strickland, supra at 694, and other cases; see also Chace v. Bronson, 19 Conn. App. 674, 677-678
(1989); Levine v. Manson, 195 Conn. 636, 640 (1985). Both determinations are mixed questions of law and fact. Strickland, supra at 698.
Apart from certain general and basic duties (of loyalty, to avoid conflicts of interest, to advocate the defendant's cause, to consult with and keep the defendant informed, to use skill and knowledge to insure a reliable adversarial testing process), "[n]o particular set of detailed rules for CT Page 6107 counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel." Strickland, supra at 688-689. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690.
To accurately assess counsel's challenged performance in the case at bar, the charge on circumstantial evidence in its entirety must be examined. The court's charge on circumstantial evidence was:
 In summary, an absolute demonstration of guilt is not required to convict. Absolute certainty in life is rarely obtainable and the law does not require it. The demonstration of guilt need only be beyond a reasonable doubt. One that a reasonable person, can reasonably entertain after a fair evaluation of all evidence. In effect, the State need not eliminate every possible doubt from your mind, only reasonable doubt. If the proven facts ladies and gentlemen are reasonably consistent with innocence, you cannot find the defendant guilty. But if those facts do not lead to any theory reasonably consistent with innocence but only with guilt, you should find the defendant guilty. Proof beyond a reasonable doubt does not mean that you must have direct evidence supporting a fact. You may apply the rule of circumstantial evidence and indeed the State has based part of it's case regarding the defendant's participation in this crime, that it has alleged on circumstantial evidence. This rule of circumstantial evidence involves the offering of evidence and facts from which you are asked to infer the existence of another fact or set of facts. Such an inference may be made provided two elements are satisfied. One that the fact from which you are asked to draw the inference has itself been proven to your satisfaction beyond a reasonable doubt and two that the inference asked be drawn is logical and reasonable and not the result of speculation or conjecture but is strong enough that the fact to be inferred has been proved beyond a reasonable doubt.
 Let me give you some examples. First of all, you know what direct evidence is. You know I'm speaking to you. You can see me speaking. You can CT Page 6108 hear me speaking. That of course is direct evidence. Let me give you some examples of circumstantial evidence. If you left a bowl of milk and a cat together in a room and closed that door and you went into the next room and let's say about a half hour later you returned and you found when you opened the door that the bowl was empty, the cat had white liquid all over it's face and was licking itself. You would certainly be entitled to believe beyond a reasonable doubt that the cat had drank the milk. You didn't see him do it but that is circumstantial evidence. Or, if you came downstairs in the morning and you looked over at the breakfast table and you saw a family member sitting there and in front of the family member was a cup and there appeared to be some liquid in the cup. There was steam rising from the cup and you saw that family member reach for the cup and touch it and suddenly pull his or her hand back from that cup. You could reasonably and logically infer that there was something hot in that cup. Now you didn't drink it. You didn't touch it but that would be absolutely a reasonable, logical inference that you would have the right to draw. And in fact I can think of something personal. We had a dinner party I gave some years ago and in which my wife had gotten a rather beautiful chocolate cake and walked into the kitchen to bring it out at the end of the meal and found that the cake had been totally demolished and there was our young daughter with chocolate all over her face. It really was not very difficult to determine what had happened to the cake. That of course is circumstantial evidence, too. We never saw her eat it but it was pretty clear as she was licking her lips that she had it. These of course are merely illustrative examples. I could have used other examples just as easily. And of course they illustrate but one part of this jury charge which must be followed as a whole.
 In summary ladies and gentlemen, it is your right to draw inferences if you conclude that the facts found, excuse me — let me start that again so I don't mislead you. It is your right to draw inferences if you conclude that the facts that you find proven, reasonably establish other facts by reason and logic and are not a result of speculation, surmise or guesswork. CT Page 6109
 If from the facts you find proven, you reasonable do infer other facts, you may then use the facts then so inferred as a basis for a further inference that other facts exist, including facts going to establish the guilt or innocence of the defendant.
This court is unconvinced that the instruction given demanded appellate review. The petitioner has not sustained his burden of proof either that appellate counsel should have raised the issue or that, if he had, that there is a reasonable probability that the appeal would have been successful. The trial court at a point later in its instructions to the jury stated the following:
 The State asks you to consider all the evidence and it argues that there are sufficient facts from which you can reasonably and logically infer that the defendant murdered Eddie Singletary. The State has outlined the facts for you upon which it relies from the evidence that the defendant and Eddie Singletary were together in the area in question to the finding of the body and the performance of various laboratory tests and other things. The defendant on the other hand argues that the State's evidence is insufficient, that the State has failed to prove it's case to you beyond a reasonable doubt. That it has failed to prove that the defendant perpetrated the murder. The State is asking you to apply the rules of circumstantial evidence to this case with respect to the elements of murder which it must prove. You heard its argument. Circumstantial evidence is just as good and just as probative as direct evidence. And as jurors you should not hesitate to use this type of evidence provided you find that the proper ingredients for it are there. In relying on circumstantial evidence you are entitled to draw all reasonable and logical inferences from the facts you find proven in accordance with my instructions on that subject. And the State is entitled to a conviction even if the evidence is only circumstantial provided that the evidence supports the necessary inferences and that the State proves the elements of the crime charged beyond a reasonable doubt. But in the absense [absence] of such inferences and such proof of the elements of the crime charged beyond a reasonable doubt, you cannot convict the defendant of that crime. The defendant of course claims that the evidence will CT Page 6110 not support the necessary inferences required to establish the elements of murder beyond a reasonable doubt. And you heard the defendant's argument in this regard. I urge you to give careful consideration to the arguments of both the State and the defendant in your deliberations. They have marshalled the evidence as they believe you should see it. Now it is up to you to apply the law that I have given you and your common sense and determination where the truth lies.
The court concludes that the case of Sekou v. Warden,216 Conn. 678, 690 (1990) controls.
 In order to prevail on this claim, [Walker] must establish (1) that his appellate counsel's performance fell below the required standard of reasonable competence or competence displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand. See Valeriano v. Bronson, 209 Conn. 75, 84-86, 546 A.2d 1380 (1988); accord Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 U.S. S.Ct. 3562, 82 L.Ed.2d 864 (1984). If the issues not raised by his appellate counsel lack merit, [Walker] cannot sustain even the first part of this dual burden since the failure to pursue unmeritorious claims cannot be considered conduct falling below the level of reasonably competent representation. Accord Williams v. Manson, 195 Conn. 561, 564, 489 A.2d 377 (1985). After reviewing the constitutional claims not raised in [Walker'] direct appeal, we are unpersuaded that his appellate counsel rendered ineffective assistance in failing to pursue them in [State v. Walker, 206 Conn. 300].
The petition is ordered dismissed.
HON. HOWARD SCHEINBLUM, J.