## WILLIAM EVANS *v.* COMMISSIONER OF CORRECTION
### (AC 16778)

Lavery, Schaller and Dupont, Js.

Argued October 30, 1997—officially released February 24, 1998

*James A. Shanley, Jr.*, special public defender, for the appellant (petitioner).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

DUPONT, J. The primary issue in this appeal from the judgment of dismissal of a petition for a writ of habeas corpus is whether, as a matter of law, the petitioner's plea of guilty in the trial court, under the *Alford* doctrine; *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); to the crime of conspiracy to commit robbery in the *first* degree in violation of General Statutes §§ 53a-134 (a) (2)[1] and 53a-48, should have been allowed, after his alleged coconspirator pleaded guilty to conspiracy to commit robbery in the *second* degree in violation of General Statutes §§ 53a-135 (a) (2),[2] and 53a-48, and attempt to commit robbery in the second degree in violation of § 53a-135 (a) (2) and General Statutes § 53a-49. We affirm the judgment of the habeas court.

The petitioner alleged in his habeas corpus petition that he had received ineffective assistance of trial and appellate counsel. To succeed in this claim, he must prove that his attorneys' performances were not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law *and* that the lack of competence contributed to the conviction. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Williams* v. *Manson*, 195 Conn. 561, 564, 489 A.2d 377 (1985). The state concedes that if, as a matter

---

[1] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (2) is armed with a deadly weapon . . . ."

[2] General Statutes § 53a-135 (a) provides in relevant part: "A person is guilty of robbery in the second degree when he commits a robbery as defined in section 53a-133 and . . . (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument."

of law, the petitioner should not have been allowed to plead guilty to conspiracy to commit robbery in the first degree, both ineffective assistance of counsel and prejudice to the petitioner would have been demonstrated.

The genesis of this case is the petitioner's plea of guilty to conspiracy to commit robbery in the first degree, which plea the trial court accepted after it canvassed the petitioner. The petitioner had entered into a plea bargain with the state in which he would plead guilty under the *Alford* doctrine to conspiracy to commit robbery in the first degree and be sentenced to twenty years, concurrent to a sentence he was already serving. In anticipation of the petitioner's prosecution for another unrelated robbery, it was also agreed that if he pleaded guilty in the future to that offense, the state would recommend that he receive a sentence of twenty years for it, concurrent to the other two sentences, namely the sentence he was presently serving, and the sentence that is the subject of this appeal. A few days after his plea of guilty, the petitioner, as anticipated, was arrested for the other robbery. The charge was subsequently nolled by the state, and the petitioner then made a motion to withdraw his plea in this case on the ground that he had been led to assume that the evidence in the other robbery case was stronger than it was actually. The trial court denied the petitioner's motion to withdraw his plea and sentenced him in accordance with the plea bargain. The denial of the motion to withdraw the plea was upheld on the petitioner's direct appeal. *State* v. *Evans*, 34 Conn. App. 911, 642 A.2d 755 (1994). The legal argument that is the subject of this appeal from the dismissal of his petition for a writ of habeas corpus was not made in the appeal from the denial of the petitioner's motion to withdraw his plea.

The petition for a writ of habeas corpus alleged that both trial and appellate counsel were ineffective, and

that the conviction of conspiracy to commit robbery in the first degree was infirm as a matter of law. The petition also claimed that the plea agreement resulted from the incomplete and incorrect advice of counsel because that advice did not provide for the possibility that the state would not prosecute the petitioner for another robbery that was unrelated to the offense to which he pleaded guilty, but which involved the same coconspirator.

An affidavit of the petitioner's coconspirator and other evidence formed the basis for the facts presented by the state at the time of the petitioner's guilty plea to conspiracy to commit robbery in the first degree. These facts are as follows. Two witnesses observed one man trying to open the back door of Burger King restaurant in New London and another man standing near a car in a dark area of the parking lot behind the restaurant. The witnesses saw the interior lights of the car flash and then saw the male who had been trying to enter the back door of the restaurant get into the passenger seat of the car, which was then driven out of the parking lot without its lights on. The witnesses immediately reported their observations, and the police stopped the car soon thereafter. The petitioner and his alleged coconspirator were in the car, with the petitioner in the passenger seat. On the back seat of the car were two stun guns, and a .25 caliber automatic pistol was found under the passenger seat. Two ski masks, duct tape and ammunition were also found in the car. The driver of the car, in his affidavit, which was available to the petitioner and the court at the time that the petitioner pleaded guilty, stated that he and the petitioner had a history of criminal association and that on the night in question they had planned to rob Burger King, and had planned to use a gun or guns but had abandoned the plan because the restaurant was busy and they were afraid two witnesses had seen them.

At the time of these events, the petitioner was on a weekend furlough from prison and was serving a twenty-five year sentence. One day prior to the petitioner's plea of guilty to conspiracy to commit robbery in the first degree, his coconspirator pleaded guilty to conspiracy to commit robbery in the second degree.

The petitioner relies on *State* v. *Robinson*, 213 Conn. 243, 250–53, 567 A.2d 1173 (1989), for his legal argument that a conspirator can be guilty of conspiracy to commit only the same crime as his coconspirator. *Robinson* held that a conspiracy conviction of a coconspirator cannot stand, as a matter of law, after a trial of a sole alleged coconspirator for conspiracy to commit the same crime resulted in an acquittal. Id., 253. The *Robinson* court reasoned that a conspiracy is an agreement to commit an unlawful act and that another person's culpability is an essential element of the crime of conspiracy because the crime is indivisible. Id. The petitioner asks us to extend the principle of *Robinson* beyond its facts to the situation of a guilty plea of one coconspirator following a guilty plea of the other conspirator to a different conspiratorial crime, based on the same predicate facts.

There are many cases involving separate trials or separate guilty pleas of coconspirators where the same conspiracy to commit the same crime is involved. See annot., 19 A.L.R.4th 192 (1983); annot., 9 A.L.R.4th 972 (1981); annot., 91 A.L.R.2d 700 (1963). The decided cases in the annotations and in Connecticut involve situations where one conspirator is found guilty but no other conspirator is charged; see *State* v. *Shaw*, 24 Conn. App. 493, 494, 589 A.2d 880 (1991); or involve situations where one conspirator is charged with a conspiracy, while the other coconspirators are charged only with the underlying substantive crime; id.; or involve situations where all of the conspirators are charged with the crime of conspiracy to commit the

same underlying crime, and one conspirator is charged with a substantive crime different from the one underlying the conspiracy charge, but based on the same predicate facts; *State* v. *Walton*, 227 Conn. 32, 34–35, 630 A.2d 990 (1993); or involve situations where one conspirator is charged with conspiracy to commit a particular crime, and the other coconspirators are charged with a conspiracy to commit a lesser included crime.[3] See annot., 9 A.L.R.4th 972 (1981).

We are aware of no case, however, that involves the situation of this case where both conspirators, on the same predicate facts, and pursuant to the same single agreement, plead guilty to a conspiracy, with the second conspirator pleading guilty to a conspiracy to commit a different underlying offense with some of the same elements but with a greater penalty than the crime to which the first coconspirator pleaded.

We begin our analysis by noting that General Statutes § 53a-134 (a), which contains the elements of robbery in the first degree, provides that "[n]othing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime." Thus, a defendant can be convicted of both robbery in the first degree and robbery in the second degree. See, e.g., *State* v. *Ford*, 33 Conn. App. 143, 146–47, 634 A.2d 1188 (1993), rev'd on other grounds, 230 Conn. 686, 646 A.2d 147 (1994). If, however, a conspiracy to commit more than one crime involves only one

---

[3] The crime of robbery in the second degree in violation of § 53a-135 (a) (2), as charged in this case, is not a lesser included crime of robbery in the first degree in violation of § 53a-134 (a) (2). See *State* v. *Dolphin*, 203 Conn. 506, 517–18, 525 A.2d 509 (1987). Section 53a-135 (a) (2) is not a lesser included offense of § 53a-134 (a) (2) because a person may commit robbery "armed with a deadly weapon," but never display or threaten to use the weapon. *State* v. *Anderson*, 178 Conn. 287, 293–94, 422 A.2d 323 (1979); *State* v. *Clemons*, 31 Conn. App. 614, 620 n.6, 626 A.2d 1310, cert. denied, 227 Conn. 908, 632 A.2d 696 (1993).

agreement, a defendant can be punished only for one conspiracy, that which relates to the most serious offense that is the object of the conspiracy. See *State* v. *Toth*, 29 Conn. App. 843, 858–59, 618 A.2d 536, cert. denied, 225 Conn. 908, 621 A.2d 291 (1993); *State* v. *Stellato*, 10 Conn. App. 447, 456–57, 523 A.2d 1345 (1987); see also General Statutes § 53a-51.

A defendant may be charged with a substantive crime and a crime of conspiracy to commit another crime, both arising out of the same predicate facts. See *State* v. *Walton*, supra, 227 Conn. 40–42. In *Walton*, the named defendant was charged with both a substantive crime in violation of General Statutes § 21a-278 (b) and a conspiracy to commit a different crime in violation of General Statutes § 21a-277 (a). The coconspirators were charged with conspiracy to commit a crime in violation of § 21a-277 (a) only. The latter crime is not a lesser crime included within § 21a-278 (b); id.; although it carries a less severe penalty. The *Walton* case does not deal directly with the issue of the present case, but it does establish that the conduct of one coconspirator can be attributed to another coconspirator to prove an element of a different substantive crime with which only one of the coconspirators is charged. This is so because in a conspiracy, an element of the crime can be attributed to any conspirator, regardless of which conspirator committed that overt act as long as the overt act is in pursuance of the conspiracy, is in furtherance of it and it is reasonably foreseeable as a necessary or natural consequence of the conspiracy. Id., 53; see also *Pinkerton* v. *United States*, 328 U.S. 640, 647, 66 S. Ct. 1180, 90 L. Ed. 1489 (1946). The overt act in pursuance of a conspiracy does not have to be the same act for all of the conspirators.

The petitioner's coconspirator pleaded guilty to conspiracy to commit robbery in the second degree, which plea acknowledges that there was an agreement with

another person to commit a robbery. There is an acknowledgment in the petitioner's *Alford* plea of guilty that there was the same one agreement and an acknowledgment by the petitioner that the state had a case against him for conspiracy to commit robbery in the first degree that it could have proved after a trial. See *North Carolina* v. *Alford,* supra, 400 U.S. 37–38.

The failure to prosecute a defendant with a particular crime is not the equivalent of an acquittal of that crime. An acquittal or a conviction after a trial is an adjudication of the factual elements of the crime charged. The failure of the state to charge a defendant with a particular crime does not foreclose the possibility that the defendant committed that crime, as does an acquittal. Thus, in this case, the first conspirator to plead could have been charged with either a conspiracy to commit robbery in the first degree or a conspiracy to commit robbery in the second degree, because a prosecutor has wide discretion as to whether to charge, what the charge should be and whether to pursue a prosecution. *State* v. *Menzies,* 26 Conn. App. 674, 680, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 690 (1992). The coconspirator's plea of guilty in this case to a crime that has a lesser penalty is not an adjudication that he and the petitioner did not have an agreement also to commit a crime that has a greater penalty.

Both conspirators in this case chose to avoid a trial by pleading guilty to a charge. The state had the option of charging both conspirators with either one or both crimes of conspiracy to commit robbery in the first degree and conspiracy to commit robbery in the second degree. No adjudication was made in connection with the petitioner's plea as to whether he conspired to commit robbery in the second degree, as well as robbery in the first degree. Under § 53a-134 (a), he could have conspired to commit both robbery in the first degree and robbery in the second degree. Two criminal statutes

can be construed to proscribe the same conduct and a defendant can be prosecuted under either. See *United States* v. *Batchelder*, 442 U.S. 114, 123–24, 99 S. Ct. 2198, 60 L. Ed. 2d 755 (1979); *State* v. *Evans*, 200 Conn. 350, 359, 511 A.2d 1006 (1986).

The plea of the petitioner acknowledged that the coconspirator had inculpated the petitioner in a conspiracy to commit both robbery in the first degree and robbery in the second degree because it was based on the affidavit of the coconspirator, which described their agreement and the particular overt acts committed by the petitioner. That those acts were different acts from those committed by the first conspirator to plead does not change the culpability of the petitioner for the particular acts committed by him in pursuance of the plan of both conspirators to rob. The conspiracy agreement was the plan to commit a robbery together using a firearm. That plan could include the commission of more than one crime. That the first conspirator to plead was allowed to plead to a crime of conspiracy that carried a lesser penalty was dependent on his particular bargain with the state. One of the prosecutorial concessions that may be made in a plea agreement is the reduction of a charge to another charge with a lesser penalty or to a related offense. *Szarwak* v. *Warden*, 167 Conn. 10, 18, 355 A.2d 49 (1974).

The petitioner pleaded guilty under the *Alford* doctrine. He assessed his situation at the time, which included his bargain to receive a concurrent sentence to the sentence already being served. Although he did not admit the commission of the crime with which he was charged, he did agree that the evidence would warrant a conviction of that crime after a trial. A plea bargain is a negotiated plea and does not involve a finding that the defendant is guilty or not guilty of other crimes arising out of the same facts. At the time the first conspirator pleaded, the state's agreement with

him was dependent on the facts known to it and that conspirator, and on the particular situation of that defendant. At a later time, other facts might surface that might require a different penalty and allow proof of different overt acts arising out of the same agreement, as far as concerns another conspirator.

We hold that it was legally permissible on the particular facts of this case, where both pleas were the result of plea bargains, for the petitioner to plead guilty to a conspiracy to commit robbery in the first degree although his coconspirator had previously pleaded guilty to robbery in the second degree. We therefore conclude that the petitioner's claim of ineffective assistance of counsel on this basis must fail.

The petitioner's second claim is that both his trial counsel and appellate counsel were ineffective because the former should not have allowed him to plead guilty without anticipating that the state would not prosecute him for another crime allegedly committed with the same coconspirator, and the latter should have argued on the appeal from the denial of the petitioner's motion to withdraw his plea that the lack of prosecution for that other crime necessitated a withdrawal of his plea because the expected prosecution was a significant consideration for the plea. At the time of the plea, the petitioner had not yet been prosecuted for the other robbery, but an arrest was imminent. The plea, therefore, included a sentence resolution if the state were to prosecute and if the petitioner pleaded guilty. Subsequently, the petitioner was arrested for that other robbery, but the prosecutor decided to nolle the case because, in view of the state's plea agreement with the petitioner, a prosecution in that case would not result in increased prison time for the petitioner. Trial counsel, who was originally also appellate counsel, testified at the habeas hearing that he did not pursue, on the appeal from the denial of the petitioner's motion to withdraw

his plea, the argument the petitioner now makes, because the case that was eventually nolled was not consideration for, nor did it affect the guilty plea.

A careful review of the transcript of the plea canvass[4] and of the habeas hearing leads us to conclude that the petitioner did not predicate his plea on the outcome of the other case. Thus, neither counsel, trial or appellate, was ineffective, nor did any prejudice to the petitioner result.

The judgment is affirmed.

In this opinion the other judges concurred.

[4] The petitioner's plea was accepted after a proper canvass. Practice Book § 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."