[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel, has filed a third amended petition for a writ of habeas corpus. The petition is based on claims of ineffective assistance of both trial counsel, Miles Gerety, and appellate counsel, Richard Emanuel, and a claim of actual innocence. This court conducted a trial on the petition on September 27, 28 and October 2, 2000.
The petitioner was charged in Docket CR 92-0073282 T in the Judicial District of Fairfield at Bridgeport with the crimes of murder, attempted murder, assault in the second degree, carrying a pistol without a permit, and conspiracy to commit murder. After a trial by jury before Judge G. Sarsfield Ford, he was convicted of attempted murder, carrying a pistol without a permit, and conspiracy to commit murder. He was sentenced to a total effective sentence of 20 years, execution suspended after 14 years, and 5 years probation on January 20, 1995. He is presently in custody serving this sentence. His conviction was affirmed on direct appeal. State v. Jacob Crump, 43 Conn. App. 252, cert. denied, 239 Conn. 941
(1996).
The petition alleges in the first count that the petitioner was denied the effective assistance of trial counsel in violation of his federal and state constitutional rights, in that trial counsel (a) failed to object and thereby preserve for appellate review the charge of conspiracy in that said charge was a legal impossibility; (b) failed to investigate possible defenses to wit: (1) failed to acquaint himself with the facts and circumstances of the alleged coconspirator's case so that he was not caught unaware at the hearing in probable cause; (2) failed to obtain transcripts of the hearing in probable cause and trial in the matter ofState v. Bagley; (3) failed to interview petitioner's brother to ascertain the contents of his police statement; (c) failed to call Stefan CT Page 1594 Bagley to testify that petitioner was not engaged in a conspiracy with him or with him on August 14, 1991.
The second count of the petition alleges that appellate counsel was ineffective in that he failed to properly brief the claim that conviction on the charge of conspiracy constituted a legal impossibility when the sole alleged coconspirator lacked the specific intent for murder, so that the Appellate Court would review the claim.
The third count alleges that the petitioner is actually innocent because he did not participate in the crimes with which he was charged.
The law is clear with respect to the burden of proof which a petitioner has in claiming ineffective assistance of trial counsel.
 In Strickland v. Washington, supra, 671, the United States Supreme Court "consider[ed] the proper standards for judging a criminal defendant's contention that the Constitution requires a conviction . . . be set aside because counsel's assistance at the trial . . . was ineffective." In the context of a claim of ineffective assistance of trial counsel, the court held that such a contention "has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
Id., 687. Bunkley v. Commissioner of Correction, 222 Conn. 444, 455
(1992).
To satisfy the first prong of the Strickland test the petitioner must prove, under all of the circumstances existing at the time of trial, that the representation fell below an objective standard of reasonableness and he must also overcome the presumption that the trial conduct was sound trial strategy. Strickland v. Washington. supra at 689. If the first requirement of Strickland is met then the petitioner must prove that trial counsel's errors were such that they deprived the petitioner of a fair trial and that, but for the errors, the result of the trial would have been different. Siano v. Warden, 31 Conn. App. 94, 98, cert. CT Page 1595 denied, 226 Conn. 910 (1993).
The first claim of ineffective assistance of trial counsel is that he failed to object to the charge of conspiracy at trial, and with respect to appellate counsel the only claim is that he failed to properly brief the same claim pertaining to the charge of conspiracy. However, the claims with respect to both counsel are premised on the claim by petitioner that his conviction on the charge of conspiracy to commit murder was a "legal impossibility."
The basis of the "legal impossibility" claim appears to be that since Stefan Bagley, the alleged coconspirator who had a separate trial, was convicted of reckless manslaughter, that therefore Bagley did not have the requisite intent to commit murder. Whether Bagley had the intent to commit murder or not is not established by the verdict in his case since he was not charged with murder. In any event, the petitioner appears to be confusing the facts of the case at bar with cases where the alleged coconspirator had been found not guilty of conspiracy.
If Bagley had been acquitted of conspiring with the petitioner, then obviously the petitioner could not later be found guilty of conspiring with Bagley since the crime of conspiracy involves an illegal agreement by one person with a least one other person. See State v. Robinson,213 Conn. 243, 253 (1989). Bagley was not charged with conspiracy, much less acquitted of it. "The failure to charge a defendant with a particular crime is not the equivalent of an acquittal of that crime."Evans v. Commissioner of Correction, 47 Conn. App. 773, 780, cert. denied, 244 Conn. 921 (1998).
While trial counsel did not object to the charge of conspiracy at the criminal trial, and appellate counsel did not raise the claim adequately until he filed his reply brief, the Appellate Court did give the issue plain error review and found "no court action resulting in any manifest injustice, and because the claim does not warrant review, we decline review on this basis." State v. Crump, supra, 262. If the petitioner's claim of "legal impossibility" had any merit, it would have been reviewed by the Appellate Courts The petitioner has failed to prove his claim of ineffective assistance relating to the theory of "legal impossibility" with respect to either counsel.
The next claim of ineffective assistance of trial counsel alleges in substance that trial counsel failed to acquaint himself with the details of the Bagley case, which had been tried before the petitioners hearing in probable cause and trial, so that he was "caught unaware" at the petitioner's hearing in probable cause; that he failed to obtain the transcripts of the Bagley hearing in probable cause and trial before the CT Page 1596 petitioner's hearing in probable cause and trial; and that he failed to interview the petitioner's brother to ascertain the contents of his police statement. Attorney Gerety testified that both he and the petitioner were well aware of the details of both the Bagley hearing in probable cause and his trial and that he was not "caught unaware" at the probable cause hearing. He explained in detail the strategic decisions he made in his conduct of both the hearing in probable cause and the trial and the reasons for those decisions. He also testified that he had all of the Bagley transcripts by the time of the petitioner's trial. Mr. Gerety was aware of the contents of the petitioner's brother's statement to the police, and he did not call the brother as a witness because his statement would have placed the petitioner at the scene of the crime, the statement was forensically not believable and his statement would show Bagley asking the petitioner for assistance which would tend to establish the conspiracy. The decision not to call the brother as a witness was a strategic decision well within Mr. Gerety's discretion as trial counsel. The petitioner has failed to prove any of these claims.
The next claim of ineffective assistance of trial counsel alleges that he failed to call Stefan Bagley as a witness to testify that the petitioner was not engaged in a conspiracy with him on the day of the crime. Mr. Gerety habeased Bagley to court and interviewed him. Bagley did not wish to testify, would deny any knowledge of the crime, and Mr. Gerety made the strategic decision not to call someone who had already been convicted of homicide in the events of August 14, 1991, and who was alleged to be the petitioner's coconspirator. The court heard Bagley testify and finds that Mr. Gerety's tactical decision in this regard was a valid exercise of his discretion.
The petitioner's brief claims that Mr. Gerety is not worthy of belief because it is claimed that various papers he submitted to the court during the petitioner's criminal trial are contradictory of his testimony at the habeas trial. This court is of the opinion that the various legal positions Mr. Gerety took during the course of the criminal trial were consistent with his obligation to provide a vigorous and exhaustive defense for the petitioner. It is to be noted that the petitioner was acquitted of two of the criminal charges against him, including the most serious charge, murder. Mr. Gerety's testimony at the habeas trial was intended to convey to this court the details concerning his representation of the petitioner, the investigative efforts of both himself and his investigator, and his reasoning in connection with the myriad of strategic tactical decisions he was required and obligated to make during the course of his representation of a client charged with the serious crimes with which the petitioner was charged. The court finds Mr. Gerety to be a credible witness. CT Page 1597
The third count of the third amended petition makes a claim of "actual innocence" and alleges that the petitioner did not participate in the murder of Demond Braswick, nor the wounding of Tremayne O'Brien. This type of claim has been referred to as "a freestanding claim of actual innocence" State v. Miller, 242 Conn. 745, 747 (1997).
The petitioner may raise a claim of actual innocence by way of a petition for a writ of habeas corpus. "We now hold, therefore, what we implied in Jackson, namely, that a substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial. This holding is consistent with the mandate of § 52-470 (a) that the habeas court "dispose of the case as law and justice require." Even the strong interest in the finality of judgments, and the state's interest in retrying a defendant with reasonably fresh evidence, does not require the continued imprisonment of one who is actually innocent. This holding is also consistent with our prior statements that habeas corpus is designed to remedy fundamental miscarriages of justice. See, e.g., D'Amico v.Manson, supra, 193 Conn. 144. The continued imprisonment of one who is actually innocent would constitute a miscarriage of justice." Summervillev. Warden, 229 Conn. 397, 422 (1994).
While Summerville held that a substantial claim of actual innocence may be made by way of a petition for a writ of habeas corpus, the court in that case did not find it necessary to determine the standard of proof that the petitioner must meet in making that type of claim. This issue was subsequently addressed by the Supreme Court in Miller v. Commissionerof Correction, 242 Conn. 745 (1997).
"In consideration of a proper balance of the interests at stake in the evaluation of a freestanding claim of actual innocence, of the well established jurisprudence regarding the functions of an appropriate burden of proof for a particular category of case, and of the remedy that would follow from a determination in a habeas proceeding of actual innocence, we conclude that the most appropriate standard of proof is as follows. First, taking into account both the evidence produced in the original criminal trial and the evidence produced in the habeas hearing, the petitioner must persuade the habeas court by clear and convincing evidence, as that standard is properly understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime of which he stands convicted. Second, the petitioner must establish that, after considering all of that evidence and the inferences drawn therefrom, as the habeas court did, no reasonable fact finder would find the petitioner guilty." Miller v. Commissioner of Correction, supra. 791. CT Page 1598
The evidence offered by the petitioner to try and meet the very high standard of proof required by Miller falls far short. The witnesses on behalf of the petitioner, with respect to this claim, were his brother Durosola Crump. Stefan Bagley, Tremayne O'Brien, Robert Pratt, and the petitioner. All of these witnesses are friends of the petitioner from Father Panik Village in Bridgeport. All of them are convicted felons who are in prison. During their confinements they have all had contact with each other and with the petitioner.
The court does not find any of these witnesses to be credible with respect to the testimony that each of them gave at the habeas trial. The court does not deem it necessary to discuss their evidence in detail. It is sufficient to say that the testimony of all of them was inconsistent, contradictory of each other, and contradicted by evidence offered at the criminal trial. The evidence in total appeared to this court to be a carefully constructed story designed to assist their friend, the petitioner, and it is not believable.
The petitioner has failed to meet the standard of proof as set forth in Miller. First, he has failed to prove to this court, by clear and convincing evidence, that he is actually innocent of the crimes of which he was convicted. Second, he has failed to establish that no reasonable fact finder would find him not guilty.
In summary, for the reasons above stated, the court finds that the petitioner has failed to prove ineffective assistance of either trial counsel or appellate counsel, or any actual prejudice as a result of his representation by counsel in either the criminal proceedings or the appeal. In addition, he has failed to prove his claim of actual innocence.
This third amended petition for a writ of habeas corpus is dismissed.
 William L. Hadden, Jr. Judge Trial Referee