[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The petitioner commenced this matter by filing a petition for writ of habeas corpus dated September 10, 1998 alleging ineffective assistance of counsel. An amended petition was filed on July 8, 1999. The respondent filed a return on November 5, 1999. This matter was brought before the court for trial on November 22, 1999. The petitioner submitted, as exhibits, transcripts dated October 23, 1997 (Petitioner's Exhibit 1) and March 3, 1998 (Petitioner's Exhibit 2). The respondent submitted a transcript dated January 5, 1998 (Respondent's Exhibit 1). All transcripts were of previous court hearings as herein set forth.
 II
CT Page 1226
On October 23, 1997, the petitioner pleaded guilty to larceny in the sixth degree and to a Part B information charging the petitioner as a persistent larceny offender on October 23, 1997 before the Honorable Frank A. Iannotti. He was represented by Attorney Sheridan Moore. The plea agreement called for a total effective sentence of forty-two months to the stated charge. The petitioner requested a continuance of ninety days before sentencing in order to undergo detoxification. The court allowed the petitioner a postponement to January 5, 1998.
The court canvassed the petitioner and accepted his plea and advised him if he failed to return for sentencing on January 5, 1998, the plea agreement would be vacated and the court could sentence the petitioner up to the maximum of five years.[1]
Someone contacted Attorney Moore on behalf of the petitioner on January 5, 1998 and advised her that the petitioner was in detox. Attorney Moore communicated that information to the court on January 5, 1998 in the petitioner's absence. As a result of the petitioner's absence, the court ordered a forfeiture of his bonds and a warrant issued for his rearrest. The petitioner was arrested on the warrants for failure to appear and was presented to the court on March 3, 1998.
Attorney Moore explained to the court on March 3, 1998 that the petitioner went into detox in New London on January 5, 1998, and prior to that date the petitioner was "out". The petitioner told the court that he knew the court would not give him more time and he took it on his own not to appear in court.[2] In view of the petitioner's non-appearance before the court on January 5, 1998, and the resulting vacating of the plea agreement, the court sentenced the petitioner to fifty-four months incarceration as a persistent larceny offender.
 III
The petitioner is claiming that he attempted to contact Attorney Moore prior to the January 5, 1998 hearing, to tell her that he would not be appearing in court as a result of his entering an inpatient program. He testified that his attorney never responded to his calls. His calls were for the purpose of obtaining a continuance of the January 5 hearing.
In fact, Attorney Moore did make the court aware on January 5th CT Page 1227 that information had been conveyed to her that petitioner was in a detox program. Although Attorney Moore did not specifically request a continuance, her purpose in conveying the information to the court of the reasons why the petitioner had failed to appear was quite clear. Beyond that, it was the court's function and responsibility either to accept that reason or excuse and continue the case or to proceed (as it had warned petitioner it would do) in his absence. The court took all information presented into account and clearly articulated its decision to proceed.
 IV
The right of criminal defendants to the assistance of counsel in their defense is guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and by ArticleFirst, § 8 of the Connecticut Constitution. The United States Supreme Court and the Connecticut Supreme Court have both held that a criminal defendant's right to assistance of counsel is the right to effective assistance of counsel. Strickland v.Washington, 466 U.S. 668 (1984); State v. Manson, 186 Conn. 574
(1982). The right to counsel, however, is the right to effective assistance and not to error free representation. Commissioner ofCorrections v. Rodriguez, 222 Conn. 469, 478 (1992); State v.Barber, 173 Conn. 153, 159-60 (1977).
A petitioner's claim of ineffective assistance of counsel is two-pronged. First, a petitioner must show that his attorney's performance was deficient and, second, that the deficient performance prejudiced the defendant. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. Strickland v. Washington, supra, 466 U.S. 687; Lozadav. Warden, 223 Conn. 834, 843 (1992); Williams v. Warden,217 Conn. 419, 422 (1991); Aillon v. Mechalum, 211 Conn. 352, 357
(1989). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 445 (1992). To satisfy the first prong of the test, a petitioner must show that his attorney made errors so serious that he was not functioning as the "counsel" guaranteed by the Constitution. Id. Counsel's representation must be shown to have fallen below an objective standard of reasonableness considering all of the circumstances. Strickland, supra, 687-88. A fair assessment of an attorney's performance CT Page 1228 requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Id., 689.
In order to satisfy the second prong of the test, the petitioner must prove that counsel's errors were so serious as to deprive him of a fair trial (or hearing), a trial (or hearing) whose result is unreliable. Bunkley, supra, 455. The second prong is satisfied if the petitioner can demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Strickland, supra, 694; Siano v. Warden, 31 Conn. App. 94, 98
(1993).
 V
In the present case, the petitioner was available to be in court on January 5, 1998, as he only placed himself in detox on that date. His nonappearance was a violation of both the terms of his bond and the terms of his plea agreement with the court entered into on October 23, 1997. State v. Garvin, 242 Conn. 296,312 (1997). Attorney Moore, in the petitioner's absence, advised he court that she had unverified information received that date that the petitioner was in detox. The court's response to that information was, "He can't do that without permission of the Court." State's Exhibit 1, page 1, lines 24-25. The petitioner could have been present to request the continuance and chose not to.
The court does not find Attorney Moore's representation of the petitioner on January 5, 1998 ineffective. Attorney Moore presented herself before the sentencing court on January 5, 1998, and advised the court that the petitioner had gone into a detox program. The petitioner could have been present himself to make this request of the court as he was "out" and not in detox until the day of sentencing itself on January 5, 1998.
The claimed prejudice alleged by the petitioner is that he received a sentence of fifty-four months incarceration as opposed to the plea bargain agreement of forty-two months incarceration pursuant to his plea agreement of October 23, 1997. Petitioner's Exhibit 1, page 4, line 5. However, at page 9 of said exhibit, lines 12-20, the court advised the petitioner if he did not show up for sentencing, the court would be free to sentence him up to CT Page 1229 the maximum period of incarceration of five years as the plea agreement at that point would be vacated by the defendant's non-appearance. State v. Garvin, supra. The petitioner's own action, not that of Attorney Moore, caused the alleged prejudice to himself. He chose not to appear and now must suffer the consequences of his actions.
Attorney Moore's conduct was reasonable on January 5, 1998 in her representation of the petitioner. The petitioner could have appeared before the court on January 5, 1998 pursuant to the terms of his bond and his plea agreement with the court, and chose not to. The petitioner himself acknowledged to the sentencing court that he knew he would not be given additional time before sentencing. Any prejudice caused the petitioner was as a direct result of his own actions in not appearing before the court. Attorney Moore's representation did not prejudice him.
Based on the foregoing, the court does find that Attorney Moore's representation of the petitioner was not deficient and, further, that any claims that she specifically failed to directly request a continuance from the court did not result in prejudice to him, especially in light of the sentencing court's canvass and warnings, specifically referencing the consequences likely to occur if he failed to appear for sentencing and the petitioner's own conduct in voluntarily failing to appear for the January 5, 1998 hearing.
The petitioner has failed to sustain his burden of proof and the court does hereby deny his writ of habeas corpus.
Robert T. Resha, Judge